

FILED
IN CLERKS OFFICE

2019 MAR 11 PM 1: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
www.flmd.uscourts.gov

# MEMORANDUM

UNITED STATES OF AMERICA

VS.

RANDALL CRATER

CASE NO: 6:19-mj-1122

---

| | |
|---|---|
| DATE: | March 1, 2019 |
| Your Case No.: | 1:19-cr-10063 |
| TO: | United States District Court<br>District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way, Suite 2300<br>Boston, MA 02210-3002 |
| FROM: | N. Rodriguez, Courtroom Deputy for<br>Daniel C. Irick, United States Magistrate Judge<br><br>U.S. Courthouse<br>401 West Central Boulevard<br>Orlando, Florida 32801 |
| SUBJECT: | Rule 5(c) Proceedings |

The above styled case originated in your district. Enclosed please find original documents regarding proceedings held in the Middle District of Florida in Orlando, Florida wherein the following action was taken:

| | |
|---|---|
| INITIAL APPEARANCE: | February 27, 2019 |
| RELEASE/DETENTION: | Conditions of Release were set and the Defendant was released on bond. |
| SCHEDULED HEARING: | Upon notice by the charging district. |
| CHARGING DOCUMENT: | Indictment |

Enclosures.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 6:19-mj-1122

**RANDALL CRATER**

AUSA: Emily Chang

Defense Attorney: Joshua Lukman, Federal Public Defender

| JUDGE: | **DANIEL C. IRICK**<br>United States<br>Magistrate Judge | DATE AND TIME:<br><br>TOTAL TIME: | **February 27, 2019**<br>3:14-3:30PM<br>16 minutes |
|---|---|---|---|
| DEPUTY CLERK: | N. Rodriguez | REPORTER: | Digital<br>Orlando_Digital_Transcripts<br>@flmd.uscourts.gov |
| INTERPRETER: | None | PRETRIAL/PROB: | Ebonie Henderson |

## CLERK'S MINUTES
## INITIAL APPEARANCE (RULE 5)

**Rule 5c – District of Massachusetts**
Case called, appearances made, procedural setting by the Court.
No issue as to competency.
Court advises defendant of his rights, including Rule 20 rights.
Government advises defendant of the count in the Indictment advises of the potential penalties.
Defendant requests court appointed counsel; Court appoints FPD for proceedings in the MDFL for today's hearing only as the Court does not find that defendant is indigent.
Defendant waives Rule 5 & 5.1 hearings (Identity Hearing)
Government does not seek detention.
Defendant is released with conditions as set forth in the Order Setting Conditions of Release.
Defendant shall report to charging district as instructed.
Court adjourned.

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 19CR10063 |
| Randall Crater | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    Randall Crater                                                                           ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Wire fraud - 18 U.S.C. § 1343

Unlawful Monetary Transactions - 18- U.S.C. § 1957


Date:   02/26/2019                              _____
                                                *Issuing officer's signature*

City and state:   Boston, Massachusetts         David H. Hennessy, USMJ
                                                *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____                                              _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                            Case No. 6: 19-mj-1122

Randall Carter

ORDER SETTING CONDITIONS OF RELEASE

**IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1) The defendant **must not violate** any federal, state or local law while on release in this case.

(2) The defendant **must cooperate** in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant **must immediately advise** the court, Pretrial Services Office, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(4) The defendant **must appear** at all proceedings as required and must surrender for service of any sentence imposed as directed.  The defendant shall next appear in the United States District Court where the charges are pending, or the United States Courthouse, 401 W. Central Boulevard, Orlando, FL  32801, in the Courtroom directed upon notice.

(5) The defendant **must report** as soon as possible to the Pretrial Services Office any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(6) The defendant **must refrain** from any use or possession of a narcotic drug or other controlled substances listed in 21 U.S.C. § 802, unless with prior written approval of the Pretrial Services Officer or as may be lawfully prescribed in writing by a licensed medical practitioner.

(7) Defendant **shall not** attempt to influence, intimidate, injure, tamper with, or retaliate against any juror, judicial officer, witness, victim, or informant in this case.

(8) If ordered to comply with drug testing or location monitoring, the defendant **must refrain from tampering** with, obstructing, or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any such testing or monitoring.

## ADDITIONAL CONDITIONS OF RELEASE

In order to reasonably assure the appearance of the defendant and the safety of any person and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

✓ ** Defendant shall be subject to Pretrial Services supervision and shall report as directed by the Pretrial Services Office.

✓ ** Defendant shall not change residential address without advanced approval from Pretrial Services.

✓ ** Defendant shall refrain from having in the defendant's residence, or otherwise in the defendant's possession, any firearm, ammunition, destructive device, or other dangerous weapon.

✓ Defendant shall refrain from the excessive use of alcohol.

___ Defendant shall refrain from the use of alcohol.

✓ Defendant shall surrender any passport:
  ___ prior to release; or
  ✓ to Clerk, U.S. District Court, by 4:00 p.m. on __2/27/2019__.

X Defendant shall obtain no passport or travel documents.

___ ** Defendant's travel and residence restricted to the Middle District of Florida.

X ** Defendant's travel restricted to __Florida, South Carolina, Mass., MD NC, points between for travel__.

X Notwithstanding the foregoing, Pretrial Services may approve travel.

X ** Defendant shall refrain from direct or indirect contact with any victim, witness, or the family of any victim or witness, including specifically: __John Roche, Michael Kruger, Mark Gillespie, Timothy Harrington, Marcus Forby, Norman Mendiola, Timothy Reindell, Peter Bell__.

Defendant shall have only limited contact with: Kimberly Renee² Benge, Barbara Meeks

__X__ Defendant shall execute a bond binding the defendant to pay the United States the sum of $ __50,000__ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

_____ Defendant's bond shall be secured by the following property: _____

_____.

_____ The bond shall be co-signed by _____.

_____ Defendant shall provide a corporate surety bond guaranteeing payment to the United States the sum of $_____ in the event of a failure to appear as required or to appear for service of any sentence imposed.

_____ Defendant shall be placed in the custody of _____, who shall act as a third party custodian in this case and who agrees to the following:

(a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

__X__ Defendant shall maintain, actively seek, or commence:

  __X__ verifiable employment

  _____ an education program

_____ Defendant shall participate in a psychiatric and mental health assessment, evaluation, and treatment, as directed by Pretrial Services, with costs to be borne by the defendant, as determined by Pretrial Services.

_____ Defendant shall submit to any method of testing required by Pretrial Services for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and any form of prohibited substance screening or testing.

_____ Defendant shall participate in a program of inpatient or outpatient substance abuse testing, education, and treatment if deemed advisable by Pretrial Services and pay a percentage of the fee, as determined by Pretrial Services.

\_\_\_\_\_ ** Defendant shall participate in the Location Monitoring program and abide by all the rules of the program and will pay all or part of the costs of the program as directed by Pretrial Services:

    \_\_\_\_\_ ** Curfew: You are restricted to your residence every day from <u>9:00 p.m.</u> to <u>6:00 a.m.</u>, or as directed by the Pretrial Services Office.

    \_\_\_\_\_ Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office.

    \_\_\_\_\_ Home Incarceration: You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the Pretrial Services Office.

Location Monitoring will be performed:

    \_\_\_\_\_ using GPS monitoring equipment.

    \_\_\_\_\_ using electronic monitoring equipment, at the discretion of Pretrial Services.

\_\_\_\_\_ ** Defendant shall have no contact with minors without a responsible adult present.

\_\_\_\_\_ ** Defendant shall have no contact with minors.

\_\_\_\_\_ ** Defendant's residence shall not contain:

    \_\_\_\_\_ Internet service accessible from inside the residence.

    \_\_\_\_\_ Any electronic device capable of connecting to the Internet (including, but not limited to any computer, smart phone, hand-held computing device, or gaming console).

    \_\_\_\_\_ Any medium capable of storing data from the Internet (for example, a flash drive, a compact disc, a floppy disk, and cloud based storage).

    \_\_\_\_\_ Encrypted data, or any device capable of encrypting data.

\_\_\_\_\_ ** Defendant shall not use or possess:

    \_\_\_\_\_ Any electronic device capable of connecting to the Internet (including, but not limited to any computer, smart phone, hand-held computing device, or gaming console). This prohibition applies to all locations, whether public or private, such as libraries, internet cafes, the defendant's places of employment, educational facilities, or any other third-party locations.

    \_\_\_\_\_ Any medium capable of storing data from the Internet (for example, a flash drive, a compact disc, a floppy disk, and cloud based storage).

    \_\_\_\_\_ Encrypted data, or any device capable of encrypting data.

\_\_\_\_\_ Defendant may use an electronic device and access the Internet at work solely for work-related purposes and shall not access any illegal or prohibited content. Defendant and his employer must permit routine inspection of the electronic device to confirm adherence to this condition. You must inform your employer and any other third party that this condition, including the inspection provision. Pretrial Services must conduct any inspections in a manner no more intrusive than necessary to ensure compliance with this condition.

The following additional conditions also apply:

_____

_____

_____

_____

_____

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and

to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

1609 Rockdale Loop
_____
Address

Lake Mary Fl. 32746    631-346-1670
_____
City and State                              Telephone

**DIRECTIONS TO THE UNITED STATES MARSHAL**

__X__  The defendant is **ORDERED** released after processing.

_____  The United States marshal is **ORDERED** to keep the defendant in custody until notified by the Clerk or Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 2/27, 2018

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Pretrial Services Office
United States Marshals Service
Assistant U.S. Attorney
Defendant

7

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:19-mj-1122

**RANDALL CRATER**

### APPEARANCE BOND

### Defendant's Agreement

I, Randall Crater, (*defendant*), agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:
- ☑ to appear for court proceedings;
- ☑ if convicted, to surrender to serve a sentence that the court may impose; or
- ☑ to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(1) This is an unsecured bond of $50,000.

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety- have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: February 27, 2019

_____
*Defendant's signature*

_____        _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

_____        _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

_____        _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

CLERK OF COURT

Date: February 27, 2019

_____
N. Rodriguez, *Deputy Clerk*

Approved.

Date: February 27, 2019

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.  CASE NO: 6:19-mj-1122

**RANDALL CRATER**

---

### FINDINGS AND ORDER ON REMOVAL PROCEEDINGS PURSUANT TO RULE 5(c), FED.R.CRIM.P.

Randall Crater, having been arrested and presented before me for removal proceedings pursuant to Rule 5(c), Federal Rules of Criminal Procedure, and having been informed of the rights specified in Rule 5(d) thereof, and of the provisions of Rule 20, the following has occurred of record.

An Initial Appearance on the Rule 5(c) Indictment from District of Massachusetts was held on February 27, 2019.

After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that RANDALL CRATER is the person named in the warrant for arrest, a copy of which has been produced.

It is, therefore,

**ORDERED** that RANDALL CRATER be held to answer in the district court in which the prosecution is pending. Defendant released on Conditions of Release.

**DONE and ORDERED** in Chambers in Orlando, Florida on February 27, 2019.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
Federal Public Defender