UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:19-CR-10063-DJC |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

**UNOPPOSED MOTION OF THE UNITED STATES FOR PROTECTIVE ORDER**

The Department of Justice, through the United States Attorney's Office for the District of Massachusetts and the Criminal Division, Fraud Section ("government") respectfully moves this Honorable Court for the entry of the attached Protective Order, pursuant to Federal Rule of Criminal Procedure 16(d)(1).  The government has consulted with counsel for Defendant Randall Crater, and he does not oppose the relief sought.  In support of this Motion, the government states as follows:

On March 20, 2019, the Defendant was arraigned and entered a plea of not guilty to all charges in the Indictment.  Discovery in this case will involve a large volume of documents and data, which contains sensitive and confidential information, including personal identifying information ("PII") such as names, addresses, personal identification numbers, birth dates, and financial information, for non-parties.  In particular, discovery in this case includes email accounts and bank records, including those belonging to individuals other than the Defendant.  Moreover, sensitive information is found throughout the documents, such that labeling particular electronic documents or data "sensitive" or "confidential," or removing or redacting PII is not practicable given the amount of data and the timeframe for discovery.

Accordingly, the proposed Protective Order regulates discovery in this case by restricting the dissemination of documents and data obtained through discovery.  The proposed Protective Order prohibits the dissemination of data and documents to third parties, other than as necessary for the Defendant's preparation of his defense.  The proposed order is appropriate pursuant to Fed. R. Crim. P. 16(d)(1) to protect the integrity of sensitive personal and commercial information and to allow the government to provide discovery in a timely manner.  *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.  That is why parties regularly agree, and courts often order, that discovery information will remain private.").  It is entirely appropriate for a protective order to strictly advise the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose.  *See United States v. Gangi*, 1998 U.S. Dist. LEXIS 6308, *11-12 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government disclosures be used "solely for the purpose of litigating matters in this case").

The government does not seek to delay, deny, or restrict the disclosure of information that is required under Rule 16.  Rather, the government seeks to facilitate discovery and to allow the Defendant full access to discoverable materials without redaction, while protecting against improper disclosure of information produced in discovery, and the proposed Protective Order will have no negative impact on the Defendant's ability to prepare for trial.

WHEREFORE, the undersigned respectfully requests that this Court enter the proposed Protective Order.

Dated:  April 17, 2019

                              Respectfully submitted,

                              ANDREW E. LELLING
                              UNITED STATES ATTORNEY

By:   */s/ Jordi de Llano*
       Jordi de Llano
       Assistant U.S. Attorney

       ROBERT ZINK
       Acting Chief, Fraud Section
       Criminal Division

By:   */s/ Caitlin R. Cottingham*
       Caitlin R. Cottingham
       Trial Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party in the above-captioned case, via the CM/ECF electronic filing system.

                                          By:    /s/ Caitlin Roberts Cottingham
                                                         Trial Attorney, United States Department of Justice
                                                         Criminal Division, Fraud Section
                                                         1400 New York Avenue, NW
                                                         Washington, DC 20005
                                                         Tel: (202) 616-5575
                                                         Email: Caitlin.Cottingham@usdoj.gov