# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RANDALL CRATER, )<br>)<br>Defendant ) | Criminal No. 1:19-CR-10063-DJC |

## PROTECTIVE ORDER

This matter is before the Court on the Government's Motion for Protective Order restricting the disclosure and dissemination of the documents and information produced (the "Protected Documents") by the government to Defendant Randall Crater in this case. Based on the factual representations set forth therein, including that the discovery material in this case contains sensitive and confidential information, and because such sensitive information is found throughout the documents such that labeling particular electronic documents or data "sensitive" or "confidential" is not practicable, the Court finds that exchange of Protected Documents between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others.

The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Crim. P. 16(d):

1.      The government shall disclose Protected Documents to the Defendant as part of discovery. The terms of this Order apply solely to the Protected Documents produced by the

government in discovery and shall not apply to documents the Defendant may obtain from third parties or other sources, aside from the government.

2.  Access to Protected Documents shall be restricted to persons authorized by this Order, namely the Defendant, his attorneys, and any paralegals, investigators, experts, secretaries, law firm staff, vendors, and consultants retained by or otherwise assisting the attorneys representing or performing work on behalf of the Defendant in connection with this case.

3.  Except as otherwise provided in this Protective Order, the following restrictions are placed on the Defendant, the Defendant's attorneys, and the above-designated individuals, unless and until further ordered by the Court.  The Defendant, the Defendant's attorneys, and the above-designated individuals shall not:  make copies of Protected Documents for, or allow copies of any kind to be made by, any other person; allow any other person to read Protected Documents; or use the Protected Documents or information contained therein for any purpose other than investigating and preparing to defend against the charges in the Indictment.

4.  Defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

5.  Nothing in this Order shall restrict the use by the Defendant's attorneys of Protected Documents or information during investigation of the allegations and preparation of defenses or from using or displaying Protected Documents in witness interviews, for investigative purposes, or for the preparation of the defense.

6.  Nothing in this Order shall restrict the Defendant from seeking to introduce Protected Documents into evidence at pretrial hearings and at trial, or as attachments to pretrial filings.  With respect to the public filing or use of any Protected Document containing personally identifiable or sensitive information, including: (1) social security numbers, (2) names of minor

children, (3) dates of birth, and (4) financial account numbers, the parties shall comply with Federal Rule of Criminal Procedure 49.1.  See Fed. R. Crim. P. 49.1.

7. With notice to the other party, either the Defendant or government may seek relief from the provisions of this agreement from the Court for good cause shown.

8. Upon conclusion of this action, Defendant's attorneys shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Documents within a reasonable period of time, not to exceed thirty days after the last appeal, including direct appeal and any appeal from a collateral challenge, is final.

Dated:   4/17/2019

                                   /s/ M. Page Kelley
                                   **UNITED STATES MAGISTRATE JUDGE**