GEOFFREY G. NATHAN
ATTORNEY AT LAW
132 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116-4606

———

nathanlaw@earthlink.net

(617) 472-5775
(928) 395-7789 (efax)
(617) 479-0917 (fax)

8/14/2019

To: AUSA Jordi Dellano
RE: USA v. Randall Crater

Dear AUSA:

This letter acknowledges receipt of discovery that you have provided to date in Mr. Crater's case. In addition to what has been provided, however, I seek the production of other materials subject to production under Brady v. Maryland 363 U.S.83 (1963)

In accordance with our local rules, the defense herewith makes the following additional discovery request:

1. defendant's "relevant" **oral statement** made in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
2. the **written or recorded statement(s) of defendant Crater**
3. **"organizational" defendant statements** ie, Crater's written or oral statements which meet the requirements of (a)(1)(A) and (a)(1)(B) and which were made by a person who could legally bind the defendant.
4. disclose **defendant's prior record**.
5. disclosure of **documents and objects** in this case not yet produced
6. disclose any **examinations and tests**.
7. Disclose government proposed **experts**.
8. **All relevant written or recorded statements made by the defendant which are in the custody or control of the government and which are known to the government or by the exercise of due diligence may become known to the government,** including relevant statements from other cases.
9. **Written records containing the substance of relevant oral statements made by defendant to a person defendant knew to be a government agent in response to interrogation, before and after arrest.**
10. **The substance of any relevant oral statements not reduced to writing where statements were made by defendant to a person defendant knew to be a government agent.**
11. **Written statements made by defendant to third person who gave them to a government agent who put in a report**

12. coconspirator or co-defendant statements, admissible against defendant under F.R.E. 801(d)(2)(E) if the government does not intend to call the coconspirator as a witness.

13. all documents material to the defense which the government intends to introduce in its case-in-chief.

14. originals of fingerprints and handwriting exemplars.

15. information available to government showing similar activities by persons other than the defendant.

16. results or reports of tests and exams which are in the possession or control of the government and are known to the government or by the exercise of due diligence may become known to the government and which: 1. Are material to the defense or the government intends to introduce in its case-in-chief.

17. results of handwriting comparisons.

18. written summary of expert testimony government intends to use during case in chief.

19. evidence which is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution. *BRADY V. MARYLAND*, 373 U.S. 83 (1963)

20. negative exculpatory statements such as statements by informed witnesses that failed to mention Crater.

21. Any promise, reward or inducement to any person testifying against defendant Crater such as through proffer letter

22. any prior bad acts of defendant Crater which the government intends to introduce at trial

23. all bad acts of a co-conspirator that the United States government seek to admit against Crater under a joint venture theory of prosecution.

24. The names of those persons who have been redacted from any and all previously provided memoranda of interviews. The identity of these sources, including confidential sources, will only be used in the context of representing Mr. Crater. The defendant (by and through counsel) offers the further protection to said witnesses to enter into a confidentiality and/or protective order to restrict the use of this information for this litigation only.

25. proffer letters listing any and all plea arrangements express or implied whereas any witness a) have been promised leniency or b) the hope of leniency in exchange for their cooperation

26. FBI 302 reports regarding complaining witness interview(s). Disclose the complete witness interviews in which agents received 'pushback' & denials regarding the theory of culpability of the defendant or any other party involved in the investigation.

27. production and statements of witnesses in a position to know who did not identify Mr. Crater

28. all aspects casting doubt upon the witnesses credibility citing *Brady, Bagley, Giglio v. United States*, 405 U.S. 150 (1972) and *Kyles v. Whitley*, including:
1. **Prior inconsistent statements**. *Goudy v. Basinger,* 604 F.3d 394 (7th Cir. 2010) (habeas case, prior misidentification); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995)(discrepancies between law enforcement officers and reports and grand jury testimony); *United States v. Peters*, 732 F.2d 1004 (1st Cir. 1984)(grand jury witness statements in FBI reports, held not material in light of overwhelming evidence of guilt, but material and reversible in sentencing phase); *King v. Ponte*, 717 F.2d 635 (1st Cir. 1983)(same); *United States v. Weintraub*, 871 F.2d 1257 (5th Cir. 1989)(same).

**29.** Bitcoin wallet numbers for individuals asserting loss in this case.

I wish to maintain a clear record that any and all appropriate discovery including all Brady material has been requested. In that regard, I request to compare my files to the government files in your office at a mutually convenient date and time.

I am reserving the right to amend this discovery letter or to file a discovery motion at a later date.

/s/ Geoffrey G. Nathan ESQ