

U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 28, 2019

<u>VIA EMAIL & FEDERAL EXPRESS</u>

Geoffrey G. Nathan
Attorney at Law
132 Boylston Street
Boston, MA 02116
nathanlaw@earthlink.net

Ray E. Chandler
Chandler & Jennings, LLC
8 South Brooks Street
Post Office Box 10
Manning, SC 29102
rchanatty6@aol.com

      Re:    United States v. Randall Crater
               <u>Criminal No. 19-10063-DJC</u>

Dear Messrs. Nathan and Chandler:

      This letter is in response to: (1) Mr. Chandler's August 27, 2019 letter in which he seeks to confirm that the defendant previously produced certain materials to the government pre-indictment; and (2) Mr. Nathan's August 14, 2019 letter in which he makes numerous requests of the government to produce certain materials and information in connection with the above-captioned case, (Doc. #34).

      Beginning with Mr. Chandler's August 27, 2019 letter, which is attached hereto as Exhibit A. In that letter, Mr. Chandler writes "[p]lease allow this letter to confirm that prior to indictment we have turned over to you all reverse Jenks [*sic*] Act material as required." This statement is inaccurate and requires correction. The government never received any materials from Mr. Chandler (or any of the defendant's other attorneys for that matter) prior to the Grand Jury returning the indictment in this case. The first and only materials the government has received from the defense were provided after Mr. Chandler's letter on August 27, 2019. These materials,

which Mr. Nathan sent as attachments to nearly a dozen emails to undersigned counsel, were not labeled or identified in any way and were provided without any cover email, context, or background. Counting the emails to which the materials were attached, the government received a total of 118 pages, which we are reproducing to you with bates numbers (CRATER-DEFENSE-00001 through CRATER-DEFENSE-00118) so that all parties can have a clear record of what has been exchanged. Please note that the attachment to Mr. Nathan's email at bates CRATER-DEFENSE-00117 could not be opened and is not included in this range. If we are missing any materials that you intended to produce, please let us know and resend the files in a readable format, continuing with this bates number scheme.

In addition, some of these attachments appear to be photographs of what purport to be affidavits of victims of Mr. Crater's scheme. To the extent you intend to attempt to rely on or introduce any such affidavits, we ask that you produce them in PDF or some other legible form, rather than as photos of portions of the documents.

With respect to Mr. Nathan's August 14, 2019 letter, in which 29 separate discovery requests are made, the government responds as follows.

- Regarding requests **1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 16, 19,** and **21**, the government respectfully refers you to its April 22, 2019 Discovery Letter and accompanying discovery production. These requests all appear to seek materials and information which the government produced and/or addressed as part of its automatic discovery responsibilities.

- Regarding requests **7, 12, 18, 22, 23, 25, 26,** and **29**, the government is not required to produce these materials at this time and respectfully declines to do so. If you disagree, please identify the legal basis which you believe mandates disclosure at this point. Specifically, with respect to your requests **7** and **18**, which deal with expert discovery, the government calls your attention to the parties' May 2, 2019 Joint Initial Status Report (Doc. #20), in which it was agreed that the government would provide expert witness disclosures 30 days prior to trial and the defendant would provide the same 21 days prior to trial. In addition, with respect to request **29**, which seeks "Bitcoin wallet numbers for individuals asserting loss in this case," the government is not aware of any basis upon which these materials would be discoverable, should such materials even exist.

- Regarding requests **15, 20, 24, 27,** and **28**, the government requires additional information before it can appropriately respond. For example, request **15** seeks disclosure of "information available to the government showing similar activities by persons other than the defendant." This request is overly broad and fails to identify the types of "similar activities" for which you seek information or whether the request is limited to the above-captioned case. With respect to request **24**, please identify by bates number the documents which you allege contain redacted names or information. With

respect to requests **20, 27,** and **28**, please clarify what is meant by "negative exculpatory statements" and "witnesses in a position to know who did not identify Mr. Crater[.]"

- Regarding requests **14** and **17**, these requests are not applicable in this case at this time. The government has not yet conducted any fingerprint or handwriting analyses in this case. In the event that such analyses are conducted, the government will produce the relevant materials as required.

Finally, Mr. Nathan's August 14, 2019 letter also requests an opportunity to review all of the government's files. The government is unaware of any rule requiring it to allow defense review of its files. Accordingly, it respectfully declines this request.

* * * * *

Enclosed with this letter, please find a disc containing bates stamped copies of the materials you produced to the government on August 27, 2019. Should you have any questions about the foregoing, or wish to discuss any other aspect of this case, please let us know.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:   */s/ Jordi de Llano*
Jordi de Llano
Assistant United States Attorney


ROBERT ZINK
Chief, Fraud Section

*/s/ Caitlin R. Cottingham*
Caitlin R. Cottingham
Trial Attorney

Enclosure