UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-CR-10063-DJC

UNITED STATES OF AMERICA

v.

RANDALL CRATER

**ORDER RE EXCLUDABLE TIME**

KELLEY, M.J.

Defendant had a final status conference scheduled for November 21, 2019. He filed an assented-to motion asking that the case be continued (#44). The court will do so but will not entertain further motions to continue without a compelling reason. The final status conference is continued to December 16, 2019 at 3:15 p.m.

With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) the Clerk of this Court enter excludable time for the period of November 21, 2019 through December 16, 2019, under the Speedy Trial Act.[1]

    / s / Page Kelley
PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).