UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Criminal No. 1:19-CR-10063-DJC

RANDALL CRATER,

        Defendant.

**GOVERNMENT'S MOTION TO AUTHORIZE ALTERNATIVE VICTIM
NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through the undersigned attorneys, pursuant to 18 U.S.C. § 3771(d)(2), respectfully moves this Court for an order adopting a reasonable procedure for providing notice to crime victims as provided for under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771 for the above-captioned case. In support of this Motion, the government submits as follows.

**BACKGROUND**

On February 26, 2019, a grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging Defendant Randall Crater, with wire fraud and unlawful monetary transactions. As set forth in the Indictment, Crater is charged with engaging in a scheme to defraud investors by soliciting investments in a proprietary virtual currency called "My Big Coins" or "Coins." Between 2014 and 2017, Crater and his affiliates persuaded investors to purchase or invest in Coins by making numerous misrepresentations about Coins. Among other things, Crater and his affiliates falsely claimed that Coins were a functioning virtual currency with value, were backed by gold, and could be traded on exchanges. In reality, the Indictment alleges, Coins were

not backed by gold or other assets, were not readily exchangeable virtual currency, and had little to no actual value. Over the course of the scheme, Crater misappropriated over $6 million in investor funds.

In addition to the government's investigation, the Commodities Futures Trading Commission ("CFTC") has also conducted a separate, parallel investigation into Crater and his affiliates. On January 16, 2018, the CFTC initiated a civil action against Defendants My Big Coin Pay, Inc., and Randall Crater, as well as several affiliated individuals and entities.

## VICTIM NOTIFICATION

The CVRA, as amended in 2004, requires that the Department of Justice use its best efforts to see that crime victims are notified of and accorded rights as described in 18 U.S.C. § 3771(c)(1). The CVRA defines "crime victim" as "a person directly or proximately harmed as a result of the commission of a Federal offense …." 18 U.S.C. § 3771(e).

The rights of a crime victim under the CVRA include the "right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2). "Where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [Section 3771(a)], the court shall fashion a reasonable procedure to give effect" to the Act "that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

In the instant case, both the Government and the CFTC have undertaken substantial efforts to identify each victim in this case and quantify losses as to each victim. However, given the factual complexities of this case, including the use of multiple bank accounts under nominee names to accept victim funds, the Government cannot be certain that it has identified *all* of the victims of Defendant Crater's scheme. Moreover, given the nature of the scheme, which was largely

conducted online through chat rooms and other social media platforms, the Government submits that it will be extremely challenging to identify each and every potential victim directly or proximately harmed by the scheme for purposes of individual notice and making restitution.

As it has done in other matters where identification of all victims is impracticable, the Government intends to establish a publically accessible web page containing information about the case for victims.  The Government respectfully requests that on a going-forward basis, this Court adopt a "reasonable procedure" for providing notice to potential crime victims in all of these cases. 18 U.S.C. § 3771(d)(2).  Specifically, the Government proposes that for any public court proceeding requiring victim notice under 18 U.S.C. § 3771(a)(2), the Government will provide reasonable notice of the proceeding on the aforementioned web pages.  These pages also will be updated with any new information about the cases in a reasonably timely fashion.  Individuals who are interested in in submitting a victim impact statement will be provided a government email address to submit an inquiry to determine they qualify as victims and if so, will be provided information about how to submit an impact statement.  In addition, it is the Government's practice to widely distribute a press release when a defendant agrees to plead guilty or is sentenced and to post the release on the websites of the Department of Justice's Criminal Division.  The Government submits that the steps described above accomplish the purpose of the CVRA with respect to reasonable notice to crime victims, without unduly complicating or prolonging the proceedings. 18 U.S.C. § 3771(d)(2).

The Government has consulted with counsel for Defendant Crater, who has indicated that he "cannot assent" to the relief sought in this Motion, without providing any substantive basis for his objections.

Date:   November 27, 2019

Respectfully submitted,


ROBERT ZINK
Chief
Criminal Division, Fraud Section
United States Department of Justice


By: */s/ Caitlin R. Cottingham*
CAITLIN R. COTTINGHAM
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice

JORDI DE LLANO
Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

I, Caitlin R. Cottingham, certify that on November 27, 2019, the foregoing was served on all attorneys of record in the above captioned case, via the CM/ECF electronic filing system.

> By: _/s/ Caitlin R. Cottingham_
> Caitlin R. Cottingham
> Assistant Chief