IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    v.                                        CASE # 1:19-cr-10063-DJC

RANDALL CRATER,

    Defendant.

_____

**DEFENDANT'S OBJECTION AND OPPOSITION IN RESPONSE TO THE GOVERNMENT'S MOTION TO AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)**

Comes the above Defendant, Randall Crater, by and through undersigned counsel, and respectfully files this Objection and Opposition in Response to the Government's Motion to Authorize Alternative Victim Notification Procedures Pursuant to 18 U.S.C. § 3771(d)(2) (D.E. "Docket Entry" #48) filed November 27, 2019. In support thereof, the Defendant states as follows:

**DISCUSSION AND MEMORANDUM IN OPPOSITION**

The United States has filed the above-referenced Motion (D.E. # 48), and citing 18 U.S.C. § 3771(d)(2), requests this Honorable Court, *inter alia* to authorize the United States "to establish a publically accessible web page containing information about this case for victims."

Section 3771, the Crime Victims Rights Act (CVRA), was enacted in 2004 and codified at 18 U.S.C. 3771. Under 18 U.S.C. § 3771(e), a "crime victim" for the purposes of the CVRA is "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." § 3771(e)(2)(A). Further, the CVRA applies only to court proceedings "involving an offense *against a crime victim.*" 18 U.S.C. § 3771(b)(1) (emphasis added).

The Fifth Circuit has set forth the proximate cause standard under the CVRA as follows:

> An act is a but-for cause [ ] of an event if the act is a *sine qua non* of the event—if, in other words, the absence of the act would result in the non-occurrence of the event. Conversely, an act is not a but-for cause of an event if the event would have occurred even in the absence of the act. *Moser v. Tex. Trailer Corp.,* 623 F.2d 1006, 1013 (5th Cir. 1980) (quoting W. PROSSER, THE LAW OF TORTS § 41, at 238 (4th ed. 1971)). As Professor David Robertson has explained, ascertaining the existence of but-for causation requires a court to create "a mental picture of a situation identical to the actual facts of the case in all respects save one: the defendant's wrongful conduct is now `corrected' to the minimal extent necessary to make it conform to the law's requirements." David W. Robertson, *The Common Sense of Cause in Fact,* 75 TEX. L. REV. 1765, 1770 (1997). Then, the court asks "whether the injuries that the plaintiff suffered would probably still have occurred had the defendant behaved correctly in the sense indicated." *Id.* at 1771. Only if the answer to that question is "No" is the defendant's conduct a but for-cause of the plaintiff's injuries.

*In re Fisher,* 649 F.3d 401, 403 (5th Cir. 2011).

Both the Fifth Circuit and the CVRA itself are silent as to the definition of "harm." However, Merriam-Webster defines "harm" as "physical or mental damage: injury." Merriam-Webster's Collegiate Dictionary (11th ed 2006); s*ee also* American Heritage Dictionary of the English Language (3rd ed 1992) (defining harm as "physical or psychological injury or damage").

In other words, for 18 U.S.C.§ 3771 to apply, the party against which it applies must be a "crime victim." "We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, *that language must ordinarily be regarded as conclusive . . . .*

*Consumer Product Safety Comm'n v. GTE Sylvania, Inc*., 447 US 102, 108 (1980) (emphasis added); *United States v. Ron Pair Enterprises, Inc*., 489 US 235, 241 (1989):

> The task of resolving the dispute over the meaning [of a statute] begins where all such inquiries must begin: with the language of the statute itself. [citation omitted]. In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "*the sole function of the courts is to enforce it according to its terms*." [citation omitted].

(emphasis added).

As defined above in the statute itself, a "crime victim" to which 18 U.S.C.§ 3771 applies, must be "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." § 3771(e)(2)(A). Presently, the Government has not offered plausible evidence that such "crime victims", as defined exist.

The defense has been provided with a lengthy deposition from one John M. Lynch, III, a Boston attorney. The Government asserts that Mr. Lynch and a hand full of his friends and family are crime victims of the My Big Coin "scheme". The deposition was taken by at least two investigative attorneys from the CFTC who questioned Mr. Lynch for several hours. Mr. Lynch never identified himself as a victim of a criminal scheme under the guise of My Big Coin. To the contrary, Mr. Lynch attempted to show the investigators that his virtual wallet from My Big Coin actually worked. Mr. Lynch's wallet that was provided in discovery by the Government shows that Mr. Lynch in 2017 had the same coins in it that he purchased from Mr. Crater. The question of whether he is a victim then is a matter of allegation not fact.

The case against Mr. Crater and My Big Coin has been under investigation since 2014. It has passed through FENRA, the CFTC and then referred to the Justice Department who has brought forth this indictment. When the CFTC brought its civil Complaint, it began an assault on Mr. Crater and My Big Coin via releases on their website and government publications via news outlets. It would make sense that after all of this time and all of this scrutiny that if there were in fact a wellspring of "crime victims" they would be in plain view or would have come out

of the woodwork long ago.  The Government is asking this Court to allow you to use the Statute to fill what is after 48 months its empty hand.

The Justice Department followed and has been investigating this case through the Office of the Postal Inspector and the FBI for several months.  The defense believes they have interviewed a large number of people all over the United States.  It is our belief that they have not been able to come up with any other victims.  To the contrary, we believe that it will be proven before trial that they interviewed numerous people who owned My Big Coin and who told the Government that they did not consider themselves victims and that My Big Coin traded and had value contrary to the Government's indictment.

The defense does not question the Government's request to use their website to alternatively communicate with presently identified alleged victims.  This is a housekeeping convenience created by the Statute for the benefit of the Government and for the benefit of identified victims.  The defense asserts that this alternative communication can be accomplished in a sterile format as bland as a notice to a juror of the time, date and place that they must appear.  Victims that have been identified in this case after four plus years of investigation should be advised accordingly of those proceedings they are entitled to attend and in which they must participate, as well as, other notifications that pertain to them.

The Government has asked the Court to allow it to create a website that goes beyond these reasonable alternative communications.  It wants to republish yet unproven allegations of fraud and deception in order to troll the country for what they claim are undisclosed victims.  To support that claim, the Government points to the Defendant's numerous bank accounts and claims that there is a potential that those banking records conceal other victims.  These banking records have been reviewed by two Government agencies and picked apart ad nauseum.  A

forensic accountant could uncover every victim the Government claims is out there in a matter of seven days rather than four years.

The defense's position is that My Big Coin was created as a valid crypto currency that can trade and has traded and had value until the day the CFTC filed its suit and raised the specter of fraud. In a sense, the CFTC who admits on its website that it has worked closely with the Justice Department created the victims the Government seeks.

The Defendant respectfully asks that the Court to limit the Government's use of this Statute to the convenience for which it was intended in order to communicate with known or identified victims.

WHEREFORE, in consideration of the forgoing, the Defendant Randall Crater respectfully moves this Honorable Court to deny the Government's Motion to Authorize Alternative Victim Notification Procedures Pursuant to 18 U.S.C. § 3771(d)(2) (D.E. #48)

Respectfully submitted,

/s/ Ray Chandler
SC Bar #1183
U.S. District #93
Attorney for Defendant Randall Crater
8 South Brooks Street
Manning, SC 29102
(803)566-7744

**CERTIFICATE OF SERVICE**

I, Ray Chandler, Esq, attorney for Defendant Randall Crater, do hereby certify that a true and correct copy of the foregoing was duly served on the United States by filing same on the Court's CM/ECF filing system which electronically serves all attorneys and parties of record, this 13th day of December, 2019.

/s/ Ray Chandler, Esq.