UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>                                                            )<br>RANDALL CRATER,                       )<br>                                                            )<br>Defendant                                  ) | Criminal No. 1:19-CR-10063-DJC |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO AUTHORIZE
ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT
TO 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through the undersigned attorneys, pursuant to 18 U.S.C. § 3771(d)(2), respectfully submits this reply in support of its Motion requesting that the Court issue an order adopting a reasonable procedure for providing notice to crime victims as provided for under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Specifically, the government seeks authorization to post information about the above-captioned case, including hearing dates, to a standard website maintained by the Department of Justice in order to provide notice to victims — both those currently known to the government and those who have not yet been identified. In support of this position, the government submits as follows:

In February 2019, a grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging Defendant Randall Crater, with wire fraud and unlawful monetary transactions. As set forth in the Indictment, Crater is charged with engaging in a scheme to defraud investors between 2014 and 2017 by soliciting investments in a proprietary virtual currency called "My Big Coins" or "Coins." D.E. 1 (Indictment).

During the course of the government's investigation, the government has identified individuals as potential victims of the scheme to defraud. Among other methods, the government

has identified these potential victims through bank records, emails and other communications, and as a result of individuals who have reached out to the government directly. The government has also received information about potential victims from the Commodities Futures Trading Commission ("CFTC"), which conducted a separate, parallel investigation and brought a civil action against My Big Coin Pay, Inc., and Randall Crater, as well as several affiliated individuals and entities in January 2018. See Case No 1:18-cv-10077.

Thus, while the government has undertaken extensive efforts to identify all the victims of this alleged scheme, the government cannot say at this time that it has identified—or provided notice to—all the victims of the scheme. This scheme was largely conducted online through chat rooms and other social media platforms, which has made it extremely challenging for the government to say with certainty that it has identified all individuals who sent money to purchase My Big Coins. Moreover, given the use of email, instant messenger, and other forms of communication that do not provide a user's full name, in communications relating to the scheme, it is again difficult for the government to develop a complete and comprehensive list of actual individual victims. Finally, this is not a case where the government has identified a database, stockholder list, or other form of official documentation listing each shareholder or victim.

In short, while the government believes it has identified many of the victims, it does not believe that it has identified all the victims of the offense. Under the CVRA the government has an obligation to provide notice to all victims of the charged offenses. *See* 18 U.S.C. § 3771(c) ("Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)."). Given that the government does not know the names or contact information for all victims

at this juncture, public notice on a Department of Justice website is the only appropriate method for providing such notice.

Accordingly, the government has proposed publishing a website that includes standard information about the case, including a description of the charges (which would make clear that they are merely charges), the judge(s) assigned to the matter, and the dates and locations of hearings in the case. As is standard in this District, the website would also contain contact information for those who believe they *are* victims of the scheme, which would merely say "If you purchased My Big Coins during this time period and believe that you may be a victim of the alleged scheme, please contact the United States Attorney's Office." A recent example of such a website can be found at: https://www.justice.gov/usao-ma/victim-and-witness-assistance-program/ticker-gwyt-brown-hand-and-katz. The government submits that this website is a "reasonable procedure" for notifying victims of the scheme charged in this case.

As this Court has correctly observed, the government is permitted to publish information about this case (and, indeed, has already done so, *see* https://www.justice.gov/usao-ma/pr/new-york-man-charged-cryptocurrency-fraud-scheme). Thus, the government's request is not that the Court approve publication but that the Court order that notice on a website is sufficient and reasonable notice under the CVRA.

The defendant appears to object to this procedure on two grounds. First, he asserts that the government has not established that any "victims" exist because, he claims, My Big Coin purchasers were satisfied customers. The government obviously disputes this proposition. Regardless, while the defendant is certainly entitled to maintain his innocence, he is not entitled to deprive those who believe they were victims of the scheme of notice of the proceedings. Moreover, any website will clearly indicate that Mr. Crater has merely been *charged* with the scheme. The

defendant has not cited any authority for the novel proposition that a defendant be convicted *before* a victim of the crime is notified, nor is the government aware of any such precedent.  Second, the defendant claims that the government should not be permitted to "troll the country" for undisclosed victims.  This argument is without merit or support in the CVRA.  The primary purpose of the government's request is to provide all victims—identified or not—with appropriate notice and to do so in a manner that is reasonable.  There is no prohibition on the government identifying additional victims at any stage in the proceedings.  To the contrary it is common in fraud schemes for victims to be identified throughout the investigation and duration of a criminal matter, sometimes only identifying themselves to the government after a conviction.  That does not make these individuals, many of whom are fearful or embarrassed of coming forward, any lesser "victims" for the purposes of the CVRA.

The Government submits that the steps described above accomplish the purpose of the CVRA with respect to reasonable notice to crime victims, without unduly complicating or prolonging the proceedings. 18 U.S.C. § 3771(d)(2).

Date:   January 13, 2020

    Respectfully submitted,

    ROBERT ZINK
    Chief
    Criminal Division, Fraud Section
    United States Department of Justice

    By: */s/ Caitlin R. Cottingham*
    CAITLIN R. COTTINGHAM
    Assistant Chief
    Criminal Division, Fraud Section
    United States Department of Justice

    JORDI DE LLANO
    Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

I, Caitlin R. Cottingham, certify that on January 13, 2020, the foregoing was served on all attorneys of record in the above captioned case, via the CM/ECF electronic filing system.

> By:  /s/ Caitlin R. Cottingham
> Caitlin R. Cottingham
> Assistant Chief