IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

     v.                          CASE # <u>1:19-cr-10063-DJC</u>

RANDALL CRATER,

     Defendant.

---

**<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S REPLY TO THE GOVERNMENT'S MOTION TO AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)</u>**

Defendant, Randall Crater, by and through the undersigned attorney responds to the Government's Reply.  The Government requests the Court to approve the creation of a website that would be used to find additional individuals who might be or could be heretofore unidentified victims of the scheme it alleges in Indictment 1:19-cr-10063-DJC.  To support that request, the Government references information garnered from the CFTC's investigation.  The Government claims that the CFTC's investigation which was parallel to that of the Government supports that there may be additional unknown or unnamed victims.

Factually, the list of potential victims submitted to the CFTC by the FENRA investigation came from a list provided to the Government of **44 individuals**.  After the completion of the CFTC investigation, that agency filed a civil Complaint alleging the loss of 6.5 million dollars f**rom a potential of only 28 victims.**  To date, the Indictment and the civil suit largely refer to one major potential victim it names as **Victim 1**.

The Government's Indictment cy does not expand the list of potential victims but reduces it relying on banking records which they claim give them the exact identification of named victims.

The Government's Indictment does not expand the list of potential victims **but reduces it**. All of the investigating agencies combined rely specifically on banking records.

The Government's Indictment does not refer to chat rooms or covert internet methods of concealing names.  In fact, this Response by the Government is the first time such a method of advancing its scheme is mentioned.  The Indictment alleges **four counts** of wire fraud in 2015 emanating from **one bank account** of alleged Victim 1.  The Indictment picks up, and we assert erroneously alleges a 6.5 million dollar loss.  This is the same number allegedly diverted to the Defendant's account claimed by the CFTC when it named **28 victims**.

Both agencies tell the Court that after three years of investigation all of that money came from accounts of previously identified victims.  In short, the Government knows exactly where the money came from and exactly where the money went.  For over two years, it has possessed all of the banking information of the Defendant, his wife, his sister, and his mother who were named as Defendants or Relief Defendants in the CFTC civil suit.  Who else could be a potential victim?

While the Defendant cannot and does not oppose the Government using its website to notify those known victims pursuant to the Statute, the Defendant opposes a prejudicial dragnet as requested by the Government herein.

Respectfully submitted,

January 17, 2020

/s/ Ray Chandler
SC Bar #1183
U.S. District #93
Attorney for Defendant Randall Crater
8 South Brooks Street
Manning, SC 29102
(803)566-7744

## **CERTIFICATE OF SERVICE**

      I, Ray Chandler, Esq, attorney for Defendant Randall Crater, do hereby certify that a true and correct copy of the foregoing was duly served on the United States by filing same on the Court's CM/ECF filing system which electronically serves all attorneys and parties of record, this 17th day of January 2020.

                            /s/ <u>Ray Chandler, Esq</u>.