UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION TO CONTINUE TRIAL AND
MOTION FOR A STATUS CONFERENCE

The United States of America and the Defendant Randall Crater (the "Parties"), through

undersigned counsel, respectfully move to continue the trial in this matter to a date convenient to

the Court in the fall and request a status conference to further discuss details regarding the same.

We are in the midst of an unprecedented global health emergency.  COVID-19 has

paralyzed the entire world.  In just a few short months, the disease has spread exponentially,

shutting down schools, jobs, public gatherings, and generally life as we knew it.  On March 13,

2020, the same day the Initial Pre-trial Conference took place in this case, the President declared

a national emergency in response to the outbreak, which the World Health Organization has

declared a global pandemic.

The Centers for Disease Control and Prevention ("CDC") has issued guidance to combat

the transmission of COVID-19, and to promote the health and well-being of the nation.  This

guidance includes recommendations that all Americans avoid close contact with others (*i.e.*, being

within six feet) and wear face coverings in public or when around others.  Despite this guidance,

the CDC continues to report tens of thousands of new COVID-19 cases in the United States each

day.  And, available evidence suggests there is difficulty in accurately tracking the spread of the

virus because many cases go undetected due to varying degrees of symptoms and a lack of available testing.

Massachusetts has been one of the states hardest hit by COVID-19 – registering over 87,000 cases and nearly 6,000 deaths as of May 19, 2020.[1]   Because of this, restrictions on Massachusetts residents have been aggressive – hoping to curtail the spread of the disease.  Since March, residents have been under a "Stay at Home" advisory and non-residents have been instructed to self-isolate for 14-days upon arrival or not come at all.  Schools have also been cancelled through the end of the school year, which has left parents and caregivers in the difficult position of having to homeschool their children while attempting as best they can to work remotely. Recently, Governor Baker announced a four-phase strategy to reopen the Commonwealth; however, even the first phases of the reopening plan continue to impose strong restrictions on the general public, including limiting gatherings, use of office space, and travel to the Commonwealth, as well as restricting lodging and childcare facilities.[2]

Additionally, in order to protect public health, reduce the size of public gatherings, and reduce unnecessary travel, Chief Judge Saylor also issued several General Court Orders in response to the outbreak of COVID-19.

- General Order 20-1 placed restrictions on visitors to the District's court facilities effective March 12, 2020, until further ordered.

- General Orders 20-2 and 20-13 continued jury trials and trial related deadlines first through April 27, 2020 and then through May 29, 2020.

---

[1] Massachusetts Department of Public Health COVID-19 Dashboard, May 19, 2020, *available at* https://www.mass.gov/doc/covid-19-dashboard-may-19-2020/download (last accessed May 20, 2020).

[2] Massachusetts Reopening: Four-Phase Approach, available at https://www.mass.gov/info-details/reopening-four-phase-approach (last accessed May 19, 2020).

- General Orders 20-3 and 20-14 continued regularly scheduled Grand Jury proceedings first through April 27, 2020 and then through May 29, 2020.

- General Order 20-4 continued criminal proceedings generally for 60-days.

- General Order 20-11 expanded video and teleconferencing capabilities for many proceedings under the Coronavirus Aid, Relief, and Economic Security Act for 90 days.

In light of the above, the parties request the Court continue the currently scheduled trial of July 13, 2020 to a date convenient for the Court and the parties in the fall.  Since the March 13 Pre-trial Conference, undersigned counsel, investigators, and staff, have been subject to the same limitations and restrictions discussed above, which have rendered them unable to fully and effectively prepare for trial.  Specifically, travel restrictions and increased non-work related constraints resulting from the pandemic have prevented the parties from locating and consulting with potential trial witnesses, fully reviewing necessary evidence, preparing exhibits, and meeting with the Defendant who resides in a different state than counsel (defense only).

Moreover, it remains unclear whether, given the current status of the outbreak in the United States and Massachusetts specifically, the health risks posed by the novel virus will have sufficiently subsided by July 2020 such that a trial could proceed as planned.  This is particularly concerning in this case as many of those involved in this trial (both witnesses and counsel) fall within specific groups identified by the CDC as being at a "high risk" of developing serious illness or dying if infected with COVID-19.[3]  Most of these individuals will necessarily have to travel

---

[3] Centers for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 19, 2020) (listing groups of people who are at higher risk of severe illness if infected including people over 65 years old and people with several underlying medical conditions).

from out of state and stay one or more nights in a hotel to participate in the trial, which the current

Massachusetts reopening plan does not guarantee can occur by July 2020.

Furthermore, counsel for the defendant is in his mid-seventies and has been subject to the

South Carolina Executive Order to remain at home.  He has closed his law offices to incoming

clients and has been working remotely; however, the inability to consult face-to-face with his client

has significantly impacted his ability to prepare for trial.  He is also reluctant to travel by air until

further safety assurances can be provided.  The South Carolina court system is similarly closed for

jury trials and grand juries.  Counsel also had several criminal trials pending in South Carolina

(including a murder trial) involving detained defendants that were affected by the COVID-19

shutdown and which will likely be rescheduled to occur as soon as the state court system reopens

in the summer.

Accordingly, the parties request the Court continue the trial to a date in the fall and exclude

the time through trial from Speedy Trial Act calculations.  Such a continuance, will allow the

public health risks posed by COVID-19 to further subside and will provide counsel with time to

adequately prepare for trial.  The parties further request the Court schedule an Interim Pre-trial

Conference to further discuss the status of the case and, if the joint motion is granted, to schedule

a new trial date.  The Defendant in this case is not detained and no prior trial continuances have

been granted.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Date: May 20, 2020          By:      */s/ Jordi de Llano*
                                     Jordi de Llano
                                     Assistant U.S. Attorney

ROBERT ZINK
Fraud Section, Chief

Date: May 20, 2020          By:     */s/ Caitlin R. Cottingham*
                                    Caitlin R. Cottingham
                                    Trial Attorney

                                    RANDALL CRATER

Date: May 20, 2020          By:     */s/ Ray Chandler*
                                    Ray Chandler
                                    Counsel for Randall Crater

CERTIFICATE OF SERVICE

I, Jordi de Llano, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: May 20, 2020                  */s/ Jordi de Llano*
                                    Assistant United States Attorney