# Exhibit A

Case 1:19-cr-10063-DJC   Document 101   Filed 05/28/21   Page 2 of 8



## LAWSON & WEITZEN

April 28, 2021

RICHARD B. WEITZEN*
PAMELA B. BANKERT, PC*
IRA H. ZALEZNIK
VALERIE L. PAWSON, LLC
GEORGE F. HAILER, PC+
KENNETH B. GOULD
GEORGE E. CHRISTODOULO, PC
DAVID A. RICH, LLC*
PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS+++
STEVEN M. BUCKLEY
KENNETH B. SKELLY***
GLENN P. FRANK*
J. MARK DICKISON**
SCOTT P. LOPEZ
JEFFREY P. ALLEN
DARLY G. DAVID
MARIA GALVAGNA MESINGER
JONATHAN P. ASH
JOSHUA M. D. SEGAL*
LAUREN J. WEITZEN
JOHN R. BAUER
RYAN A. CIPORKIN
DONALD J. GENTILE*
PETER A. GRUPP

MICHAEL WILLIAMS
KRISTINA A. ENGBERG
KENNETH P. PROCACCINI++
BRENDAN P. SLEAN
NAVEED CHERAGHCHI
CHRISTOPHER A. McALPIN
MADISON F. BADER
BRIANNA L. PATON

\* ALSO ADMITTED IN NY
\*\* ALSO ADMITTED IN NH
\*\*\* ONLY ADMITTED IN PA
+ ALSO ADMITTED IN DC
++ ALSO ADMITTED IN RI
+++ ALSO ADMITTED IN RI, CT, NH

**By Electronic Mail Only**
Jordi De Llano,
Deputy Chief, Securities, Financial and Cyber Fraud Unit
United States Attorney's Office
United States Courthouse Suite 9200
One Courthouse Way
Boston, MA 02110

Re:   *United States v. Randall Crater*
      Criminal No. 19-cr-10063-DJC

Dear Deputy Chief De Llano:

Thank you for the discovery materials you have provided to date in the above-referenced matter. Please consider this letter a request, pursuant to Local Rule 116.3, for additional discovery materials in advance of trial. I would appreciate receiving a response to this request on or before the close of business on May 12, 2021.

The requests contained herein apply to all documents and information in the government's possession, custody, or control, whether obtained prior to the indictment in this case or obtained in connection with any subsequent or ongoing investigation(s). Please provide the following:

1. All My Big Coin, Inc., My Big Coin Pay and My Big Coin (collectively herein, "MBC") company communications, both written and verbal, including but not limited to emails, text messages, phone calls and memoranda related to the charges.

2. A copy of the Grand Jury transcript of the lead case agent in the investigation of this case.

3. Copies of any contract (formal or otherwise) MBC had with La Luz, Harmonie International and William "Billy" Donahue related to gold.

    a. Copies of any financial records of William "Billy" Donahue relating to MBC and gold, as well as any non-privileged documentation from his legal representation, Attorney Donato out of New York, regarding the same.

4. Copies of any safe keeping receipts ("SKR's") for any gold warehouse.

---

LAWSON & WEITZEN, LLP
88 BLACK FALCON AVENUE, SUITE 345 BOSTON, MA 02210
6 GRANITE STATE COURT, BREWSTER, MA 02631
(617) 439-4990  LAWSON-WEITZEN.COM



5. Copies of any contract (formal or otherwise) that MBC had with consultants including but not limited to ClearTrust, Ambergold Holdings, Revenue Enhancement Worldwide and IPayments Worldwide.

6. Copies of any contract (formal or otherwise) that MBC had with Santander Bank, DCR Strategies, FirstView LLC and Ultracard related to prepaid debit cards.

    a. Copies of any records, files or otherwise from any of these named entities related to any known MBC investors.

7. Copies of any contract (formal or otherwise) that MBC had with Randall Crater or Greyshore, Helexci or Harryson Mittler.

8. Copies of any contract (formal or otherwise) that Greyshore had with Tom Connelly.

9. Copies of any contract (formal or otherwise) that MBC had with any marijuana dispensaries.

10. Other than what has already been provided in discovery, copies of any documents, reports, records, or communications used by any experts, as well as prior testimony or affidavits provided by those experts and related to this case.

11. Any and all documentation from any government entity that had an agreement with MBC including but not limited to:

    a. Testimony from the Nevada Secretary of State; and
    b. Contracts (formal or otherwise) with the governments of Dominican Republic, Venezuela and Bolivia.

12. Copies of all non-privileged documents, records, files or otherwise kept by Attorney John Lynch that relate in any way to MBC or Randall Crater.

13. Copies of all non-privileged documents, records, files or otherwise kept by Attorney Adam Tracy that relate in any way to MBC or Randall Crater.

14. Copies of all documents, records, files or otherwise kept by John Roche that relate in any way to Shot Spirits Corporation or MBC including but not limited to all "back office" information, codes, documents, records, and computer data history for MBC.

15. Other than what has already been provided in discovery, copies of any documents, reports, bank records, or communications collected by the government during the course of its investigation showing that Randall Crater used MBC funds for personal use.



16. Any information, reports, or documents related to the identity of all unindicted co-conspirators in this case.

17. Any information the government may have related to any state law enforcement investigation (or declination of investigation) of Mr. Crater, Mrs. Crater, or any MBC player[1] that pre-dated the federal investigation in this case.

18. Any information the government may have related to any federal law enforcement investigation (or declination of investigation) of Mr. Crater, Mrs. Crater, or any MBC player that pre-dated the current federal investigation regarding the alleged violations of federal criminal statutes cited to in the indictment. This includes the entire non-privileged case files from the Securities and Exchange Commission (SEC), the Commodity Futures Trading Commission (CFTC) and/or the Financial Industry Regulatory Authority (FINRA).

    a. The CFTC files that had been previously provided in Government's Production 1 are either native files that are encrypted or documents that state that an item is in native format, although there is no native files actually associated with it. Defendant requests the full file with no encryption or redactions;

    b. The CFTC materials that had been previously provided in Government's Production 5 are merely a list of the materials used in the investigation (i.e., it states "Kimberly Benge 2014 and 2016 Tax Records" but does not provide such records; it also states, "Records Related to John Lynch Provided to the CFTC", but only provides a letter of what Lynch provided to the CFTC, not the actual records). Defendant requests the actual materials and records themselves, not just a list or letter stating such;

    c. The FINRA files that had been previously provided in Government's Production 1 are either native files that are encrypted or documents that state that an item is in native format, although there is no native actually associated with it. Defendant requests the full file with no encryption or redactions;

    d. The FINRA files that were listed on the Discovery Letter for Production 5 are merely a list of the materials used in the investigation (i.e., it states "Copy of a report sent by FINRA to the U.S. SEC concerning Shot Spirits Corporation, MBC, John Roche, Randall Crater, Mark Gillispie, FINRA Matter 20160490932" but does not provide such report). The defense requests the actual materials and records themselves, not just a list or letter stating such. Defendant requests the full FINRA file with no encryption or redactions; and

    e. The defense has not been provided any materials from the Securities and Exchange Commission, but is aware of an investigation by the SEC. Defendant therefore requests the SEC non-privileged case file in its entirety related to defendant or MBC or any MBC player as defined above.

---

[1] An "MBC player" is defined herein to include anyone involved with the inner-workings, management, creation, development, or general use of the My Big Coin or My Big Coin Pay platforms.

3



19. All materials with Bates numbers **DOJ-0000498546** to **DOJ-0000498573**, which were included in the Production 3 Discovery letter but were unable to be viewed by defense counsel.

20. A list of witnesses the government intends to call at trial, along with a complete statement of all promises, rewards, or inducements of any kind made to any prospective witness in this case, whether made in connection with this case or in any other case, including, without limitation, the following:

    a. All information regarding all assurances, express or implied, by the government that it will give or consider giving charge, sentencing or other assistance to a witness (or to a relative, friend, or associate) facing actual or possible criminal charges or non-criminal sanctions, and all suggestions or recommendations that any state government or any other official agency, including any immigration agency, do so. The information provided should include the nature of the offense, the court in which the charge is pending, the docket number, and a detailed description of the assistance given;
    b. All statements made during negotiations as to what the government might or might not do depending upon the witness' cooperation;
    c. All requests for payment or promises, rewards and inducements, or favorable treatment of any kind, made by all witnesses, whether or not such requests were agreed to by the government;
    d. All statements in the government's possession, custody or control made by all witnesses regarding all promises, rewards and inducements, or favorable treatment of any kind, the witnesses expect to receive or are trying to obtain, whether or not the government has agreed to provide such promises, rewards, inducements and treatment;
    e. All information regarding all threats or promises made to each witness or his family to motivate his/her cooperation; and
    f. All information regarding government efforts to obtain for or on behalf of any witness money, services and/or assistance of any kind from any non-governmental and/or quasi-governmental agency.

This request includes, but is not limited to, the following individuals:

    g. John Lynch;
    h. John Roche;
    i. Mike Kruger;
    j. Mark Gillespie; and
    k. Scott Jurgenson.

21. All past, anticipated, and foreseeable payments by the government or any law-enforcement agency of money or other things of value to a witness (other than routine witness fees) for information or other assistance provided to the government or other such agency, and all

4



written records of same. Specifically, with respect to all cooperating witnesses, defendant requests all ledgers, receipts, vouchers, and other documents which describe the sums paid in any form to or for the benefit of the cooperating witness or her family in this and any other case in which the cooperating witness assisted any federal, state or local governmental agency.

22. All special arrangements made or facilitated by the government including, but not limited to, any special treatment or assistance given to any witness while incarcerated or in connection with or during all debriefings by government investigators and attorneys, and all government efforts to obtain for or on behalf of any witness money, services and/or assistance of any kind from any non-governmental and/or quasi-governmental agency.

23. Copies of any and all reports of interviews conducted by federal law enforcement in this investigation of witnesses that have not previously been turned over to defense counsel (regardless of whether the government intends to call these individuals as witnesses in their case in chief).

    This request includes, but is not limited to, the following individuals:

    a. Barbara (Crater) Meeks;
    b. Erica Crater;
    c. Adam Tracy;
    d. Mike Singleton;
    e. Mark Gillispie;
    f. Harryson Mittler;
    g. Perry Orlando;
    h. Walter Ivison;
    i. Scott Jurgenson;
    j. Tom Connelly;
    k. James Douglas;
    l. Robert Ditmeyer;
    m. Dr. Robert Finch; and
    n. the remaining known MBC investors.

24. All information about each witness' arrest and conviction record, criminal activity and misconduct, including, but not limited to:

    a. The full record of federal or state convictions, whether misdemeanor or felony;
    b. All information known to the government of conduct which constitutes a crime under federal or state law for which the witness could be prosecuted;
    c. A full statement of all criminal prosecutions and investigations against any prospective witness and of all civil or administrative actions or investigations against the



witness, regardless of whether or not these cases are the subject of promises, rewards or inducements;

    d. A full statement of whether any witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding; and

    e. The prison records of any witness who has been incarcerated in federal or state prison.

This request includes, but is not limited to, the criminal histories of:

    f. Donald Bailey;
    g. Perry Orlando;
    h. Tim Harrington; and
    i. Adam Tracy.

25. All information bearing upon the credibility of all witnesses, including, without limitation:

    a. all inconsistent statements by a witness;
    b. all false statements made by a witness (or omissions of material facts) during the course of interviews by law enforcement officials;
    c. all bias, prejudice, hostility, personal interest, financial interest or special relationship that could cause the witness to testify in favor of the government or against any defendant;
    d. all evidence of poor memory, in general or with respect to the events in question, including any statements by a witness concerning same;
    e. all physical, mental, visual, or psychiatric treatments and/or impairments and treatment (including legal or illegal use of drugs and excessive use of alcohol) which could affect the witness' accuracy, and full details concerning same;
    f. all results of all scientific or quasi-scientific tests, such as polygraphs, which fail to conclude that a witness has been completely truthful with respect to any statement;
    g. all evidence that a witness has a poor reputation for telling the truth or has engaged in any conduct probative of untruthfulness;
    h. all information tending to show a motive for any witness to curry favor with the government; and
    i. all information tending to show that a witness has a relationship with any other witness, informant or government agent.

26. All inconsistent statements between different witnesses concerning any facts material to the investigation, defense or prosecution.

27. All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or



criminal prosecution, or the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

28. All evidence tending to undercut in any way the credibility of the government's evidence or of the allegations in the indictment.

29. Other than what has already been provided in discovery and specifically requested above, any and all Fed. Rule. 16 materials, USDC-MA Local Rule 116 materials, including without limitation any and all *Brady, Giglio, Agurs and Kyles* materials.

Best regards,

Scott P. Lopez

cc: Caitlin R. Cottingham, Assistant Chief
Fraud Section, Department of Justice
(By electronic mail only)