UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDALL CRATER,<br><br>Defendant | Criminal No. 19-cr-10063<br><br>Violations:<br><br><u>Counts One – Four</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Counts Five – Seven</u>: Unlawful Monetary Transactions<br>(18 U.S.C. § 1957)<br><br><u>Count Eight</u>: Operating an Unlicensed Money Transmitting Business<br>(18 U.S.C. §§ 1960(a) and (b)(1)(B))<br><br><u>Forfeiture Allegations</u>:<br>(18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461) |

## SUPERSEDING INDICTMENT

At all times relevant to this Superseding Indictment:

### General Allegations

1.      Defendant Randall Crater ("CRATER") was a resident of New York. CRATER was the principal operator of My Big Coin Pay, Inc. ("My Big Coin"), a purported virtual currency company.

2.      My Big Coin was a Nevada corporation with its principal place of business in Las Vegas, Nevada. My Big Coin purported to engage in the business of marketing, selling, and exchanging a proprietary virtual currency called "My Big Coins" or "Coins" to the investing public.

1

3. Individual 1 was a resident of California who served as Chief Executive Officer of My Big Coin.

4. Individual 2 was a resident of Michigan who promoted My Big Coin and solicited potential investors and purchasers of Coins (collectively, "investors").

## Background

5. Virtual currency is a digital asset or digital representation of value that can be electronically traded and exchanged online. Virtual currency is not backed or insured by a central bank and its value may or may not be tied to or secured by a fixed asset. Cryptocurrency is a subset of virtual currency that utilizes cryptography and blockchain technology.

6. A virtual currency exchange is an electronic forum in which virtual currencies can be exchanged for other assets, such as paper currencies backed by governments or other virtual currencies.

7. Title 31, United States Code, Section 5330, provides that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury."

## Scheme to Defraud

8. Beginning in or around 2014 and continuing until at least in or around 2017, CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, devised and executed a scheme to defraud investors by soliciting investments in My Big Coin and Coins. CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, falsely claimed that, among other things, Coins were a functioning virtual currency and cryptocurrency, were backed by gold and other assets, and were readily exchangeable for goods and currencies.

Objectives of the Scheme

9.      The principal objective of the scheme to defraud was for CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, to enrich themselves by soliciting and obtaining investor funds through false and misleading statements, representations, and promises.

Manner and Means of the Scheme

10.     Among the manner and means by which CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, carried out the scheme to defraud were the following:

   a. Making multiple misrepresentations to investors and prospective investors about Coins and My Big Coin, including that the Coins were backed by valuable assets including millions of dollars in gold, the Coins were a functioning virtual currency and cryptocurrency that could be traded and exchanged for other currencies as well as for goods and services, and the value of the Coins was based on trading of the Coins;

   b. Creating websites and social media accounts to broadcast misrepresentations about Coins and My Big Coin to investors and prospective investors;

   c. Soliciting investors and prospective investors directly, using email, text messages, and other methods;

   d. Directing investors to wire or send money to accounts controlled by CRATER, including accounts held by his family members, in order to "purchase" Coins;

e. Distributing false information to investors regarding their accounts, including false "balances" of Coins in their accounts; and

f. Using the money raised from investors to purchase jewelry, artwork, and other items for CRATER's personal use.

Acts in Furtherance of the Scheme to Defraud

11. On or about various dates between 2014 and 2017, CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in furtherance of the scheme to defraud:

12. On or about March 3, 2014, Individual 2 sent a potential investor an email falsely claiming that "Each coin is backed with gold! So, our currency and accounts are backed better than the FDIC backs your money in the bank!"

13. On or about March 6, 2014, Individual 1 used the Twitter account @MYBIGCOIN to tweet the false representation that "My Big Coin has Entered into a Contract where all My Big Coin's will be Backed by 100% Gold."

14. On or about January 28, 2015, CRATER sent an email to an investor, in which CRATER falsely claimed "we have 300 million in gold backing us."

15. CRATER caused the My Big Coin website to publish the false claim that Coins were "a virtual currency backed by Gold Bullion."

16. CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, misrepresented that Coins could be transferred and exchanged for goods and other currency. For example, CRATER caused the My Big Coin website to falsely claim that investors

could "Shop in any store that accepts [Coins]; Transfer to anyone; and Trade [Coins] on an exchange market."

17. CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, falsely represented that Coins were actively traded and had a value that fluctuated depending on trading in the Coins, including by causing the My Big Coin website to publish purported daily trading volumes and prices for Coins.

18. As a further effort to mislead investors and continue the fraudulent scheme, CRATER, together with Individuals 1 and 2, and others known and unknown to the Grand Jury, marketed a "My Big Coin MasterCard" to investors and falsely promised that this card could be linked to Coins held in an investor's account and used to make purchases.

19. CRATER used money obtained from the scheme for personal expenses including, among other things, more than $330,000 spent on jewelry at the Southampton Jewelry Exchange, and more than $500,000 spent at Lord and Guy, LLC, an auction house based in Southampton, New York, on antique coins and jewelry, artwork, decorative figures and a rare stone.

Operating an Unlicensed Money Transmitting Business

20. At CRATER's direction, My Big Coin offered a service by which individuals could purportedly buy and sell Coins through an online exchange.

21. CRATER knowingly conducted, controlled, managed, supervised, directed, and owned all or part of the online exchange.

22. Beginning in or about 2014 through in or about 2017, My Big Coin was not registered with the Secretary of the Treasury as a money transmitter as required by Title 31, United States Code, Section 5330, and regulations prescribed thereunder.

COUNTS ONE – FOUR
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury charges:

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1-22 of this Superseding Indictment.

24. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

RANDALL CRATER,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | April 8, 2014 | Interstate wire transfer of $200,000 from victim within the District of Massachusetts to Wells Fargo account ending in -5976 and controlled by CRATER |
| 2 | May 1, 2014 | Interstate wire transfer of $250,000 from victim within the District of Massachusetts to Wells Fargo account ending in -5976 and controlled by CRATER |
| 3 | August 13, 2014 | Interstate wire transfer of $103,000 from victim within the District of Massachusetts to Wells Fargo account ending in -5976 and controlled by CRATER |
| 4 | January 28, 2015 | Interstate wire email from CRATER to victim within the District of Massachusetts regarding Coins being backed by gold |

All in violation of Title 18, United State Code, Section 1343.

COUNTS FIVE – SEVEN
Unlawful Monetary Transactions
(18 U.S.C. § 1957)

The Grand Jury further charges:

25. The Grand Jury re-alleges and incorporates by reference paragraphs 1-22 of this Superseding Indictment.

26. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

RANDALL CRATER,

knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, the transfers of money set forth below, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

| Count | Approximate Date | Financial Transaction |
|---|---|---|
| 5 | May 2, 2014 | Wire transfer of $100,000 from Wells Fargo account ending in -5976 and controlled by CRATER to CRATER's Bank of America Account ending in -6356 |
| 6 | May 15, 2014 | Wire transfer of $150,000 from Wells Fargo account ending in -5976 and controlled by CRATER to CRATER's Bank of America Account ending in -6356 |
| 7 | June 2, 2014 | Wire transfer of $125,000 from Wells Fargo account ending in -5976 and controlled by CRATER to CRATER's Bank of America Account ending in -6356 |

All in violation of Title 18, United States Code, Section 1957.

COUNT EIGHT
Unlicensed Money Transmitting Business
(18 U.S.C. §§ 1960(a) and (b)(1)(B))

The Grand Jury charges:

27.   The Grand Jury re-alleges and incorporates by reference paragraphs 1-22 of this Superseding Indictment.

28.   Between in or about 2014 and in or about 2017, in the District of Massachusetts, and elsewhere, the defendant,

RANDALL CRATER,

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting, to wit, a money transmitting business affecting interstate and foreign commerce that failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and regulations prescribed thereunder.

All in violation of Title 18, United States Code, Sections 1960(a) and (b)(1)(B).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

29. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Four of this Superseding Indictment, the defendant,

RANDALL CRATER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

30. If any of the property described in Paragraph 29, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 29 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING AND UNLICENSED MONEY TRANSMITTING BUSINESS FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

31. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1957 and 1960, set forth in Counts Five through Eight of this Superseding Indictment, the defendant,

RANDALL CRATER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

32. If any of the property described in Paragraph 31, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 31 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

/s/ [signature]
FOREPERSON

_____
CHRISTOPHER J. MARKHAM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 18, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 1/18/22 4:09pm
Deputy Clerk

11