UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE* TO
REQUIRE THE GOVERNMENT TO PRESENT A PROFFER OF PROOF
ON CO-CONSPIRATOR DECLARATIONS AND CONSPIRACY EVIDENCE
_____

Defendant Randall Crater, (hereinafter "Crater") by and through undersigned counsel, requests this Court to require the government to present a proffer of proof on the co-conspirator declarations and conspiracy evidence it intends to offer at trial. The advantage of requiring the government to present a proffer in this case is two-fold. First, it will avoid a mistrial if this Court rules against the government when making its Petrozziello ruling, and second, it will promote judicial economy.

It is anticipated that the government will argue that the use of this procedure will not promote judicial economy and therefore is unwarranted in this case. However, as will be explained further below, it is within this Court's discretion to permit such a proffer and requiring the government to present a proffer on the co-conspirator declarations and conspiracy evidence in this case will either avoid a trial altogether, or at least avoid a mistrial should the trial go forward.

In <u>United States v. Andrus</u>, 775 F.2d 825, 835 (1985)(Marshall, J., sitting by designation), the Seventh Circuit discussed favorably an alternative procedure to the procedure set forth in <u>United States v. Petrozziello</u>, 548 F.2d 20, 23 (1st Cir. 1977) and <u>United States v. Ciampaglia</u>, 628 F.2d 632, 638 (1st Cir. 1980) to determine preliminarily whether the government can meet its burden under these cases.[1] The Seventh Circuit authorized requiring the government to present a proffer of proof on the co-conspirator declarations and the conspiracy evidence it will offer at trial prior to trial.

In <u>Andrus</u> the Seventh Circuit noted that this procedure has the advantage of economy in that witnesses will not be required, and the court does not have to spend an excessive amount of time making its determination. More importantly, if the government fails in its burden, this Court can avoid declaring a mistrial following the completion of an estimated three (3) week trial.

The use of this proffer procedure is within this Court's discretion. <u>See</u> Fed. R. Evid. 104(a); <u>Ciampaglia</u> <u>supra</u> at 638, n. 3 (permitting judges to use alternative procedures pursuant to Rule 104 to determine admissibility under Rule 801). By utilizing the procedure permitted in <u>Andrus</u> in this case, this Court can decide preliminarily whether the requirements of <u>Petrozziello</u> and <u>Ciampaglia</u> will be met if the government proves at trial what it proffers.

---

[1] In the Seventh Circuit the case of <u>United States v. Santiago</u>, 582 F.2d 1128 (7th Cir. 1978) established the standard for admission of statements under Fed. R. E. 801(d)(2)(E) by quoting and adopting the standard set forth in <u>Petrozziello</u>. <u>Id</u>. at 1134.

There is precedent in this Circuit permitting this procedure. See United States v. Bernal, 884 F.2d 1518, 1522 (1989)(before the trial began, the court required the government to make an offer of proof and the court made the required Petrozziello ruling); United States v. Anguilo, 897 F.2d 1169, 1202 (1990)(to expedite the trial, the government drafted a list of statements it was seeking to introduce against defendant and after argument, the court issued a written Petrozziello ruling); United States v. MacKenzie, Docket No. 01-10350 (D. Mass. July 16, 2004) Docket Entry on November 20, 2003 (Judge Woodlock ordered the government to file a memorandum not to exceed 30 pages detailing the basis on which each defendant, separately considered, is a member of the conspiracy and at what time each person joined the conspiracy, including information that would be set forth at a Petrozziello hearing).

This proffer procedure is particularly appropriate in this case where the government is required to prove by a preponderance of the extrinsic evidence that a conspiracy to commit a crime existed, that the defendant was a member of the conspiracy at the time any statement to be introduced was made, and that the statement was made in furtherance of the purposes of the conspiracy and not some other purpose before the statement can be admitted. See Ciampaglia supra at 638.

Moreover, in this case, the extrinsic evidence that the government will introduce to show both the existence of a conspiracy and defendant's role in it will not be sufficient to meet the government's burden of proving, by a preponderance of the evidence, that a conspiracy actually existed. Specifically, the government will not be introducing direct evidence from any member of the alleged conspiracy who will testify that (1) there was

an agreement between defendant and others; (2) that the substance of the agreement was for defendant or others to commit the crimes alleged in the Superseding Indictment and (3) that defendant was an active participant in the conspiracy with the requisite knowledge and specific intent to accomplish the conspiracy's goal.  Thus, there is a very real danger that any statements the government will attempt to introduce will be used to establish the existence of a conspiracy solely on the basis of the hearsay statement, which runs counter to the teachings of United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993)(failure of prosecutor to produce independent evidence showing that telephone callers of car passengers were conspirators rendered declarations inadmissible as coconspirator declarations).

Finally, in the event the government cannot sustain its burden under Petrozziello by means of a proffer, it is highly unlikely that it will be able to do so at trial.  Thus, before beginning an estimated three (3) week trial, the policy of judicial economy strongly supports a proffer and preliminary determination at the outset on whether the government can meet its burden.  This procedure is preferable to a mistrial declared after trial.

For these reasons, defendant Randall Crater respectfully requests this Court to require the government to present a proffer of proof on the co-conspirator declarations and the conspiracy evidence it intends to offer at trial prior to the trial of this case.

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:

  /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
Dated: June 9, 2022      617-439-3987 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

  /s/ Scott P. Lopez
Scott P. Lopez