UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE*
TO EXCLUDE ADMISSION OF CIVIL PLEADINGS
_____

Defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court to exclude the introduction into evidence of any unverified pleadings that the Commodity Futures Trading Commission or Randall Crater filed in the civil case styled *Commodity Futures Trading Commission v. My Big Coin Pay, Inc.*, 18 cv 10077-RWZ pending before this Court.

In support of this motion, defendant states, by and through undersigned counsel, that pleadings in an action at law are not admissible in a criminal prosecution as proof of the facts alleged therein. de Antonio v. Solomon, 41 F.R.D. 447, 449 (1966). Moreover, pleadings in an action at law which are not signed by defendant or verified by a defendant are not admissible in a criminal prosecution as proof the facts alleged therein. Compare Commonwealth v. Aronson, 250 Mass. 521, 524 (1925)(testimony of defendant taken in a civil trial was read to the jury in a prosecution for perjury); United States v. Ahmed, 2006 WL 3210037 (D. Ma. 2006)(holding stipulation of counsel is admissible against defendant).

Even if the Court were to decide that civil pleadings are relevant and probative of certain issues in dispute in this case, the Court should nevertheless exclude any pleadings that are not signed or verified by Crater on the grounds of unfair prejudice, confusion of the issues, misleading the jury and a waste of time and judicial resources. This is especially true in this case where the government's theory in this case and the CFTC's original Ponzi scheme theory and subsequent fraud by deceptive device theory are significantly different. But see, United States v. Connor, 433 F.2d 752, 755 (1st Cir. 1970).

Finally, admission of this unverified evidence will violate Crater's constitutional rights. See United States v. Valencia, 826 F.2d 169, 172 (2nd Cir. 1987)(routine use of attorney statements against a criminal defendant risks impairment of the privilege against self-incrimination, the right to counsel of one's choice and the right to effective assistance of counsel).  Because there is a presumption against the waiver of constitutional rights and for an effective waiver, there must be an intentional relinquishment or abandonment of defendant' constitutional rights, and since the government cannot demonstrate that Crater knowingly and intelligently waived his rights when his attorney signed an answer to an amended complaint in a civil case, this Court should not permit the government to violate Crater's rights by admitting these pleadings in his criminal trial.

WHEREFORE, defendant respectfully requests this Court to grant this motion and preclude the government from introducing the proposed civil pleadings in this case.

REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.1 (D).

                      Respectfully submitted,
                      For the Defendant,
                      Randall Crater
                      By his attorneys:

                      /s/ Scott P. Lopez
                      Scott P. Lopez, BBO # 549556
                      splopez@lawson-weitzen.com
                      LAWSON & WEITZEN, LLP
                      88 Black Falcon Ave, Suite 345
                      Boston, MA 02210
                      617-439-4990 (tel.)
Dated: June 9, 2022        617-439-3987 (fax)

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.

                      /s/ Scott P. Lopez
                      Scott P. Lopez

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

                      /s/ Scott P. Lopez
                      Scott P. Lopez