UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE* TO EXCLUDE CRIMINAL RECORD AND/OR ANY OTHER BAD ACT EVIDENCE

Defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court to preclude the government from introducing evidence concerning, or making reference to, his criminal record and/or any prior "bad acts." As grounds for this motion, Crater states as follows:

Crater has been charged in an eight count Superseding Indictment with Wire Fraud, Unlawful Monetary Transactions and Operating an Unlicensed Money Transmitting Business. The government's case against Crater is premised, in large part, on the allegation that Crater was the principal operator of My Big Coin Pay, Inc., (hereinafter "MBC") which the government further alleges was a "purported" virtual currency company.

It is well established that the government may not introduce evidence of Crater's criminal record or prior bad acts to prove "criminal character or propensity to commit similar crimes." United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001); see

also Fed. R. Evid. 404(b).[1]  Evidence of other bad acts may be admitted over Rule 404(b)'s "absolute bar" only if it is "specially probative of an issue in this case – such as intent or knowledge – without including bad character or propensity as a necessary link in the inferential chain." United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002) (quoting United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)).  Here, Crater's criminal record and/or prior bad acts and criminal record are irrelevant to any issue in this case and, therefore, should be excluded.

WHEREFORE, Defendant Randall Crater respectfully requests that this motion be allowed and that this Honorable Court preclude the government from introducing evidence concerning, or making reference to, Mr. Crater's criminal record and/or any prior purported "bad acts."

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.l (D).

---

[1] Rule 404(b) provides in relevant part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident….

2

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:


  /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
617-439-3987 (fax)

Dated: June 9, 2022

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.


  /s/ Scott P. Lopez
Scott P. Lopez


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.


  /s/  Scott P. Lopez
Scott P. Lopez