UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 19-cr-10063-DJC |
| RANDALL CRATER, ) | |
| ) | |
| Defendant ) | |

DEFENDANT RANDALL CRATERS MOTION IN *LIMINE*
REGARDING HEARSAY TESTIMONY

Defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court to preclude the government from introducing any statements of defendant's alleged co-conspirators by or though its witnesses regarding Crater's alleged involvement in My Big Coin, Inc. or My Big Coin Pay, Inc. unless and until the government proves that said statements are not hearsay evidence.

A district court judge has authority to direct the order of the presentation of evidence to avoid the danger that prejudicial evidence may be erroneously admitted. United States v. Petrozziello, 548 F.2d 20, 24 (1st Cir. 1977). This court can require the government to present all of its non-hearsay evidence first, allowing the court to make a determination of whether the co-conspirator hearsay exception applies, prior to the jury hearing the statements at issue. Id.

In a similar proceeding before the district court analogous to the case at bar, i.e., one that involved numerous defendants accused of a wide-ranging conspiracy with many alleged members, Judge Woodlock ordered the government to "file a memorandum not to exceed 30 pages, detailing the basis on which each defendant,

separately considered, was a member of the conspiracy and at what time each person joined the conspiracy and how," and to "include information which would be set forth at a *Petrozziello* hearing." <u>United States v. MacKenzie</u>, No. 01-10350, Docket Entry for November 20, 2003.

Crater submits that a similar approach is necessary in this case, particularly when the potential hearsay testimony in the case at bar is highly prejudicial and will violate the defendant's right to a fair trial if any such testimony is admitted prior to the government establishing, through the use of non-hearsay evidence, that Crater was, in fact, involved in a conspiracy to violate the laws alleged in the Superseding Indictment.

WHEREFORE, defendant Randall Crater respectfully requests that this Motion be allowed and that this Honorable Court preclude the government from introducing any statements of defendant's alleged co-conspirators by or through its witnesses unless and until the government proves that said statements are not hearsay evidence.

<u>REQUEST FOR ORAL ARGUMENT</u>

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.l (D).

                                                     Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:

   /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
Dated: June 9, 2022                           617-439-3987 (fax)

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

     The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.

                                                      /s/ Scott P. Lopez
                                                     Scott P. Lopez

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

                                                      /s/  Scott P. Lopez
                                                   Scott P. Lopez