UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATING TO PERSONAL EXPENDITURES

Defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court Crater, pursuant to Fed. R. Evid. 403, to exclude any and all evidence concerning the personal expenditures of Crater and/or his family including, "more than $330,000 spent on jewelry at the Southhampton Jewelry Exchange, and more than $500,000 spent at Lord and Guy, LLC, an auction house based in Southampton, New York, on antique coins and jewelry, artwork, decorative figures and a rare stone." See Superseding Indictment, ¶ 19. As grounds thereof Crater states such evidence, even if marginally relevant, would be highly prejudicial, potentially misleading to the jury, would offer no probative evidence of his intent to defraud anyone, and would waste significant trial time and court resources.

The government has alleged that between 2014 and 2017 Crater and other uncharged individuals (Individuals 1 and 2) devised and executed a scheme to defraud investors by soliciting investors in My Big Coin, Inc. and My Big Coin Pay, Inc. (collectively "MBC") by making false claims including that MBC was a

functioning virtual currency and cryptocurrency, the cryptocurrency was backed by gold and was readily exchangeable for goods and other currencies.

Presumably, the government based its allegations on the review of thousands of pages of Crater's bank records.  Where there are significant bank records which the government may use in its case against the defendant, and which the government will likely prove through the use of a financial summary, including items that can be deemed extravagant is unduly prejudicial because it will allow for an improper inference that the defendant could not have afforded these items without committing the alleged wire fraud.  Moreover, allowing this prejudicial information into evidence will require the defendant to prove that he had other significant income during 2014 and 2017 that shows that he could have purchased the items in question without using the money he received from purchasers of My Big Coin, Inc. and investors in My Big Coin Pay, Inc.  In short, this evidence serves no purpose other than to prejudice the jury against Crater.

In considering its admission, the Court should "weigh the probative value of this evidence against any unfair prejudice to the defendant, and when the risk of unfair prejudice 'substantially' outweighs its probative value, that evidence is to be excluded." United States v. Romero-Lopez, 695 F.3d 17, 22-23 (1st Cir. 2015)(citing United States v. Shenker, 933 F.2d 61, 63 91st Cir. 1991)); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.")

For the reasons discussed above the Court should grant this motion and issue an order prohibiting the government from introducing any evidence of these extraordinary personal expenses.

<u>REQUEST FOR ORAL ARGUMENT</u>

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.l (D).

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:


  /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
Dated: June 9, 2022                        617-439-3987 (fax)


<u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1</u>

The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.


  /s/ Scott P. Lopez
Scott P. Lopez

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

  /s/  Scott P. Lopez

Scott P. Lopez

4