UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE THAT DEFENDANT
AND OTHERS FAILED TO FILE TAX RETURNS

Defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court, pursuant to Fed. R. Evid. 403 to exclude any and all evidence concerning his failure to file tax returns as well as the failure of Individual 1 and My Big Coin Pay, Inc.'s to file tax returns. As grounds thereof Crater states the probative value of such evidence, if any, is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

The government has alleged that between 2014 and 2017 Crater and other uncharged individuals (Individuals 1 and 2) devised and executed a scheme to defraud investors by soliciting investors in My Big Coin, Inc. and My Big Coin Pay, Inc. (collectively "MBC") by making false claims including that MBC was a functioning virtual currency and cryptocurrency, the cryptocurrency was backed by gold and was readily exchangeable for goods and other currencies.

The government seeks to introduce into evidence a certification from the Internal Revenue Service that between the years 2013 and 2018, Crater failed to file

personal tax returns. The government further seeks to introduce into evidence a certification from the Internal Revenue Service that between the years 2013-213 and 2016-2018, the unnamed "Individual 1" did not file personal tax returns. Finally, the government seeks to introduce into evidence a certification from the Internal Revenue Service that between the years 2013 and 2018, the corporation My Big Coin Pay Inc. ("MBCP") failed to file U.S. Corporate Tax Returns.

With respect to MBCP, said evidence is irrelevant and has no probative value because Crater has never been the "responsible party" for the corporation. See Exhibit "A" attached hereto (IRS definition of responsible party). Indeed, the government cannot show that Crater was MBCP's true principal officer, general partner, grantor, owner or a nominee with limited authority to act on behalf of MBCP. Moreover, it is clear from discovery in this case that Individual 1 was the person who owned and controlled MBCP and was the responsible party for the corporation. Thus, the fact that MBCP did not file its corporate tax returns is totally irrelevant, has no probative value and is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

Similarly, with respect to Individual 1, said evidence is also irrelevant and has no probative value because the government has no evidence that Crater either had the responsibility to file Individual 1's personal tax returns or assumed such responsibility. Thus, the fact that Individual 1 did not file his personal tax returns is totally irrelevant, has no probative value and is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

Crater concedes that the certification evidence concerning his personal tax returns stand on a different footing; however, submits that its probative value is substantially outweighed by its danger of unfair prejudice, confusion of the issues and misleading the jury. Unlike the facts in United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005), where defendant filed tax returns and failed to report any of the income he received from the fraudulent scheme in the case, here, Crater did not file any tax returns for the period from 2013 – 2014 because the Internal Revenue Service did not provide any guidance on income earned from the sale of cryptocurrency until May 19, 2014. See IRS Notice 2014-21 attached hereto as Exhibit "B". Moreover, the only years that are relevant to the charged conduct are 2014 through 2017, or the years that the so-called "scheme" occurred. Thus, calendar year 2018, which is not relevant to the alleged scheme, should not be admitted on relevance ground.

Finally, although the government will argue that Crater's failure to file his tax returns allows the government to argue that he either had knowledge of the alleged wire fraud scheme, the probative value of this evidence is substantially outweighed by its danger of unfair prejudice, confusion of the issues and misleading the jury. Indeed, where the government has not charged Crater with failing to file tax returns and where there are many reasons why taxpayers do not file tax returns, admitting this evidence and allowing the government to argue that this evidence demonstrates his knowledge of the scheme when there is no other evidence of Crater's *mens rea* is especially unfair and prejudicial.

WHEREFORE, defendant respectfully request this Court to grant this motion and preclude the government from introducing the proposed tax certification records at trial.

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.1 (D).

Dated: June 9, 2022

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:

/s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
617-439-3987 (fax)

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.

/s/ Scott P. Lopez
Scott P. Lopez

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

    /s/ Scott P. Lopez
Scott P. Lopez