UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT RANDALL CRATER'S MOTION *IN LIMINE*
TO SEQUESTER WITNESSES AND TO EXCLUDE
TESTIFYING CASE AGENT(S) FROM SITTING AT COUNSEL TABLE
_____

Pursuant to Fed. R. Evid. 615, defendant Randall Crater, by and through undersigned counsel, hereby moves this Honorable Court to: (1) order that witnesses be sequestered so that they cannot hear the testimony of other witnesses; and (2) order that any government case agent who may testify be barred from sitting at counsel table.

Fed. R. Evid. 615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party who is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's case, or (4) a person authorized by statute to be present.

The purpose of the rule is "to discourage and expose fabrication, inaccuracy, and collusion." Opus 3 Ltd. v. Heritage Park, Inc., 91 F.3d 625, 628 (4th Cir.1996) (citations omitted). For that reason, sequestration of witnesses is often ordered as a matter of course.

While the Advisory Committee notes suggest that case agents may sit at counsel table as designated representatives of the government as a party, constitutional due process concerns require that any agent <u>who may testify</u> should be barred from counsel table. The Senate Report on Rule 615 notes that:

> This problem of whether to allow the case agent at counsel table is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for "an officer or employee of a party which is not a natural person designated as its representative by its attorney." It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

Fed. R. Evid. 615, Advisory Committee Notes, 1974 Enactment (quoting Sen. Rep. No. 93-1277 (1974)). Notwithstanding this legislative intent, due process requires that any activity that may pose "a threat to the 'fairness of the factfinding process' ... be subjected to 'close, judicial scrutiny,' " <u>Holbrook v. Flynn</u>, 475 U.S. 560, 568 (1986) (*quoting* <u>Estelle v. Williams</u>, 425 U.S. 501, 503-04 (1976)). With this constitutional requirement in mind, there is no compelling reason to have any case agent <u>who may testify</u> present at counsel table. The First Circuit has noted:

> [L]aw enforcement officials wear an invisible cloak of credibility by virtue of their position; to make it explicit may too easily tip the scales.

<u>Patriarca v. United States</u>, 402 F.2d 314, 321 (1st Cir. 1968) (court found that the government attorney vouched for police and other witnesses).

A courtroom setup that imbues a witness with the imprimatur of the government is inherently prejudicial and requires that any testifying agents be excluded from counsel table. See <u>United States v. Anagnos</u>, 853 F.2d 1, 4 (1st Cir.

1988) (agent sitting at counsel table undesirable because of possibility that jury might view it as government endorsement of agent's credibility, noting further that "[a] witness who sits side by side with counsel would seem implicitly vouched for."); see also United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993) ("vouching is especially problematic in cases where the credibility of the witnesses is crucial.").

> The Supreme Court noted in *United States v. Berger*, 295 U.S. 78, 88 (1935), that the United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. *Id*.

There is no compelling reason for a testifying case agent to sit at counsel table. The government may designate someone else to sit as its representative, so long as that person is not a witness in the case. To allow a testifying agent to sit at counsel table, receive the imprimatur of the government, and to testify against the defendant would be a violation of defendant's right to due process and a fair trial.

For the foregoing reasons, defendant's motion *in limine* to sequester witnesses and to exclude testifying case agent(s) from sitting at counsel table should be granted.

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.l (D).

Respectfully submitted,<br>
For the Defendant,<br>
Randall Crater<br>
By his attorneys:<br>
<br>
/s/ Scott P. Lopez<br>
Scott P. Lopez, BBO # 549556<br>
splopez@lawson-weitzen.com<br>
LAWSON & WEITZEN, LLP<br>
88 Black Falcon Ave, Suite 345<br>
Boston, MA 02210<br>
617-439-4990 (tel.)<br>
617-439-3987 (fax)

Dated: June 9, 2022

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Randall Crater hereby certifies that he attempted to confer with AUSA Christopher J. Markham on June 9, 2022, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion.

                                          /s/ Scott P. Lopez
                                          Scott P. Lopez

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2022.

       /s/ Scott P. Lopez
       Scott P. Lopez