## EXHIBIT "A"

### *PROPOSED INSTRUCTION NO. 1*

#### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our judicial system that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant.   The defendant before you, Randall Crater, has the benefit of that presumption throughout the trial, and you are not to convict him of any charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that Mr. Crater is guilty of the crime with which he is charged beyond a reasonable doubt.  It is always the government's burden to prove each of the elements of the crime charged against Mr. Crater separately and independently beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.

This burden of proof never shifts to Mr. Crater.  The law never imposes upon Mr. Crater the burden or duty of calling any witnesses or producing any evidence. Mr. Crater is not even obligated to produce any evidence by cross-examining the witnesses for the government.  Mr. Crater has the right to rely solely and completely

upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged against him.[1]

Reasonable doubt is a strict and heavy burden for the government. It does not mean that a Mr. Crater's guilt must be proven beyond all doubt, but it absolutely requires that the evidence exclude any reasonable doubt about his guilt. A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settle conviction of the truth of the charge.

Mr. Crater can never be convicted on suspicion or conjecture. If, for example, you were to view the evidence in this case as permitting either of two conclusions – one that Mr. Crater is not guilty of the crime charged, the other that he is guilty of the crime – then it follows that you would be obligated by your oath to find him not guilty.

It is not sufficient for the government to establish a probability, even a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things that are known with absolute certainty, and in criminal cases the law does not require proof that overcomes every doubt.

---

[1] *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 3.02 (as updated June 4, 2014); 1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §12.10 (6th ed. 2008); *United States v. Cleveland,* 106 F.3d 1056, 1062-63 (1st Cir. 1997), *aff'd sub nom. Muscarello v. United States,* 524 U.S. 125 (1998).

What the government must do to meet its heavy burden is to establish the truth of each part of each offense charged against Mr. Crater by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your solemn oath as jurors, base your verdict upon it.  If you so find as to a particular charge against Mr. Crater, you may return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether Mr. Crater is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty.[2]

---

[2] See C.F.R. §§ 103.11(h) and 103.11(u); *United States v. Rodriguez;* 162 F.3d 135, 145 (1st Cir. 1998); *Victor v. Neb.,* 511 U.S. 1,5 (1994).

## *PROPOSED INSTRUCTION NO. 2*

### Mr. Crater's Constitutional Right Not to Testify (if applicable)

Mr. Crater has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify.  For any of you to draw such an inference would not only be wrong; it would be a violation of your oath as a juror.[3]

---

[3] *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 3.03 (as updated February 10, 2016).

## *PROPOSED INSTRUCTION NO. 3*

<u>The Government as a Party</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.  This case is important to the government, for the enforcement of criminal laws is a matter of concern to the community.  However, it is equally important to Mr. Crater, who faces serious charges.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  For the same reason, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice. [4]

---

[4] 3L.Sand et al., Modern Fed. Jury Inst.- Crim., Inst. 2-5 (adapted from *United States v. Corr*, 543 F.2d 1042 (2d Cir. 1976)).

### *PROPOSED INSTRUCTION NO. 4*

<u>Missing Witness</u>

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of [his/her] relationship to the government would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that [his/her] testimony would in this instance be unfavorable to the government.  You are not required to draw that inference, but you may do so.  No such inference is justified if the witness is equally available to both parties, if the witness normally would not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.  However, only the government has the power to grant a witness immunity from prosecution if a witness asserts his or her privilege against self-incrimination under the Fifth Amendment.[5]

---

[5] *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 2.12 (as updated June 4, 2014); Title 18 U.S.C. §§6001-6005.

## *PROPOSED INSTRUCTION NO. 5*

### Witness (Not the Defendant) Who Invokes the Fifth Amendment

You heard [witness] refuse to answer certain questions on the ground that it might violate [his/her] right not to incriminate [himself/herself].  You may, if you choose, draw an adverse inference from this refusal to answer and may take the refusal into account in assessing this witness's credibility and motives, but you are not required to draw that inference.[6]

---

[6] *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 2.14 (as updated October 5, 2012).

## *PROPOSED INSTRUCTION NO. 6*

### Character Evidence

Mr. Crater has presented evidence to show that he enjoys a reputation for honesty, truthfulness, and integrity in his community.  Such evidence may indicate to you that it is improbable that a person of such character would commit the crime charged, and, therefore, cause you to have a reasonable doubt as to his guilt.  You should consider any evidence of Mr. Crater' good character along with all the other evidence in the case and give it such weight as you believe it deserves.  If, when considered with all the other evidence presented during this trial, the evidence of Mr. Crater' good character creates a reasonable doubt in your mind as to his guilt, you should find him not guilty.[7]

---

[7] *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 2.19 (as updated June 14, 2012).

## *PROPOSED INSTRUCTION NO. 7*

### Evidence and Inferences

The evidence from which you are to decide what the facts are in this case consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from the facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[8]

---

[8] Adapted from *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 3.04 (as updated August 10, 2007).

### *PROPOSED INSTRUCTION NO. 8*

#### Witness Credibility

The government and Mr. Crater are asking you to draw very different conclusions about the various factual issues in this case. Deciding these factual issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or Mr. Crater that may affect how he or she testifies? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.[9]

---

[9]3L. Sand et al., *Modern Fed. Jury Inst. – Crim.*, Inst. 7-1.

*PROPOSED INSTRUCTION NO. 9*

<u>Law Enforcement Witness</u>

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for Mr. Crater' counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[10]

---

[10] 3L. Sand et al., *Modern Fed. Jury Inst. – Crim.*, Inst. 7-16.

*Proposed Jury Instruction No. 10*

<u>Government Employee Witness</u>

You have heard the testimony of a witness that is employed by the Federal Bureau of Investigation as a Forensic Accountant. The fact that a witness is employed by the federal government does not entitle the witness's testimony to any more weight or credibility than a witness who is not employed by the federal government. However, you may consider whether the witness has a personal or professional interest in the outcome of the case.[11]

---

[11] The instruction is based on the Fifth Circuit's decision in the *United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999) (improper for prosecutor to state in closing argument that employees of the government wouldn't lie). The First Circuit has held that appeal to, "believe the police or FBI because of their history, integrity, or public service is inappropriate," *United States v. Torres-Galindo,* 206 F.3d 136, 142 (1st Cir. 2000).

*Proposed Jury Instruction No. 11*

<u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find facts in favor of the side offering the most witnesses. For the same reason, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness was not credible. You also have to decide which witnesses you believe, and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

You should also keep in mind that the burden of proof is always on the government. Mr. Crater is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[12]

---

[12] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions (Crim.)* Instr. 4-3 (2010); O'Malley, et al., *Federal Jury Practice and Instructions* (6th Ed. 2010)§ 14:16.

*Proposed Jury Instruction No. 12*

<u>What is Not Evidence</u>

The following is not considered evidence:

Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question in improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider anything I have excluded or stricken.

Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

The indictment is not evidence.  This case, like most criminal cases, began with an indictment. I caution you, as I have before, that the fact that Mr. Crater has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and

charges of the government are brought before this court.  The indictment proves

nothing.[13]

---

[13] Adapted from *Pattern Jury Instructions of the First Circuit, Criminal Cases,* No. 3.08 (as updated July 27, 2007).

*Proposed Jury Instruction No. 13*

<u>Wire Fraud</u>

Mr. Crater is charged with violating the federal statute making wire fraud illegal. For you to find Mr. Crater guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme, as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment of a material fact;

Third, that Mr. Crater knowingly and willfully participated in this scheme with the specific intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, Mr. Crater caused an interstate wire communication to be used, or it was foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

I instruct you that a scheme includes any plan, pattern, or course of action. It is not necessary that the government prove the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone. However, the government must prove beyond a reasonable doubt that the scheme was as charged in the indictment.

The term "defraud" means to deceive another in order to obtain money or property. The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue by Mr. Crater when made or were made with reckless indifference to their truth and that were made with the specific intent to defraud.

The term "false or fraudulent pretenses" includes actual, direct false statements as well as half-truths and the knowing concealment of material facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

The term "knowingly" means that a person was conscious and aware of her actions, realized what she was doing or what was happening around her and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, to act with a bad purpose either to disobey the law or to disregard the law.  Thus, a person who acts in good faith, or without the the specific intent to violate the law, cannot be guilty of a crime.

The burden to prove specific intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the inner workings of the human mind. Thus, in determining what Mr. Crater knew or intended at a particular time, you may consider any statements made or acts done or omitted by him, and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.

You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts that are knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

The parties have stipulated that the wire communications identified in Counts 1, 2, 3 and 4 of the Indictment were transmitted in interstate commerce on or about the dates identified, and each wire communication was transmitted between

Massachusetts and at least one other state on or about the dates identified in the Indictment.  Thus, you do not have to decide whether wire communications were transmitted in interstate commerce.

However, you must decide whether the government has proven beyond a reasonable doubt that Mr. Crater caused an interstate wire communication to be used to carry out the scheme, or that it was foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used.   The government must prove beyond a reasonable doubt that Mr. Crater knew, or could have foreseen, that use of a wire communication would be used in the alleged scheme.[14]

---

[14] *Adapted from Instruction No. 4.18.1343 in United States District Court for the District of Maine 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit updated by Chief District Judge Nancy Torresen.*

### *Proposed Jury Instruction No. 14*

<u>Money Laundering</u>

Mr. Crater is charged with knowingly engaging in a monetary transaction involving more than $10,000 of criminally derived property. It is against federal law to engage in such activity. For you to find Mr. Crater guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First, that Mr. Crater deposited withdrew funds over $10,000 in a financial institution affecting interstate commerce on the dates specified in the Indictment;

Second, that he knew that the money came from some kind of criminal offense;

Third, that the money was in fact criminally derived from wire fraud; and

Fourth, the wire fraud took place in the United States.

"Affecting interstate commerce" means that the transaction affected commerce in any way or degree; a minimal effect is sufficient.

The government does not have to prove that Mr. Crater knew that the money was derived from wire fraud or that he committed the wire fraud. It is enough that government prove that Mr. Crater had general knowledge that the money came from some kind of criminal offense. But the government must prove beyond a reasonable doubt that the money was in fact the proceeds of the wire fraud separate from the laundering transaction.[15]

---

[15] *Adapted from Instruction No. 4.18.1957 in United States District Court for the District of Maine 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit updated by Chief District Judge Nancy Torresen. See also, United States v. Castellini,* 392 f.3D 35, 38, 45-46 & N. 7 (1ST Cir. 2004).

### *Proposed Jury Instruction No. 15*
#### Unlicensed Money Transmitting Business

Mr. Crater is charged with knowingly operating and unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a) and (b)(1)(B).  For you to find Mr. Crater guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First, that Mr. Crater knowingly conducted, controlled, managed, supervised, directed, or owned all or part of a money transmitting business affecting interstate or foreign commerce on the dates specified;

Second, that the money transmitting business was not registered with the Department of Treasury as required by 31 U.S.C. § 5330; and

Third, Mr. Crater knew that the money transmitting business was not registered with the Department of Treasury.

The term "unlicensed money transmitting business" means a money transmitting business that affects interstate or foreign commerce in any manner of degree and fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section.

The term "knowingly" means that a person was conscious and aware of her actions, realized what she was doing or what was happening around her and did not act because of ignorance, mistake or accident.

The Treasury's regulations provide that whether a person is a money transmitter is a matter of facts and circumstances.

The regulations define the term money transmitter as a person that provides money transmission services, or any person engaged in the transfer of funds. The term "money transmission services" means "the acceptance of currency, funds, or other value that substitutes for currency from one person AND the transmission of currency, funds, or other value that substitutes currency to another location or person by any means.

A user who obtains convertible virtual currency and uses it to purchase real or virtual goods or services is not in a money services business and is therefore not subject to money service business registration, reporting and recordkeeping regulations.

How a person engages in "obtaining" a virtual currency may be described as "earning" "harvesting" "mining" "creating" "auto-generating" "manufacturing" or "purchasing" depending on the details of the specific virtual currency model involved. Under the Treasury's regulations, the label applied to a particular process of obtaining a virtual currency is not material to the legal characterization of the process. All these processes are considered "users" under the regulations.

Also, under the Treasury's regulations, as long as a broker or dealer in e-currencies accepts and transmits funds solely for the purpose of effecting a *bona fide* purchase of e-currencies for or with a customer, such person is not acting as a money transmitter under the regulations. However, if the broker or dealer transfers funds

between a customer and a third party that is not part of the e-currency transaction, a broker or dealer is acting as a money transmitter under the guidelines.

With respect to convertible virtual currencies that has a centralized repository, the administrator of that repository will be a money transmitter to the extent that it allows transfers of value between persons or from one location to another.

With respect to de-centralized virtual currencies, a person that creates units of this convertible virtual currency and uses it to purchase real or virtual goods and services is a user of the convertible virtual currency and not subject to regulation as a money transmitter.  However, a person that creates units of convertible virtual currency and sells those units to another person for real currency is engaged in transmission to another location and is a money transmitter.  Finally, a person is a money transmitter if she accepts such de-centralized convertible virtual currency from one person and transmits it to another person as part of the acceptance and transfer of currency, funds or other value that substitutes for currency.

Finally, § 1960 does not make it unlawful to receive money for transmission without a license.[16]

---

[16]See 18 U.S.C. § 1960; FIN-2013-G001, *Application of FinCEN's Regulations to Person Administering, Exchanging, or Using Virtual Currencies* (March 18, 2014); *United States v. Bah,* 574 F.3d 106, 113 (2nd Cir. 2009)(reversible error for district court's failure to give defendant's requested instruction that "1960 does not make it unlawful to receive money for transmission without a license.").

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 16, 2022.

<u>  /s/  Scott P. Lopez      </u>
Scott P. Lopez