UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 19-10063-DJC** |
| ) | |
| **RANDALL CRATER,** ) | |
| ) | |
| Defendant ) | |

### SUPPLEMENTAL TRIAL BRIEF REGARDING TOUHY REGULATIONS

At the request of the Court, counsel for the United States submits this supplemental trial briefing to provide background on the defendant's obligations under *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 468 (1951), its progeny, and associated regulations.

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called *Touhy* regulations to govern the conditions and procedures by which their employees may testify about work-related issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007). These are called *Touhy* regulations because, in *Touhy*, the Supreme Court upheld the authority of agencies to promulgate regulations establishing conditions for disclosure of information. *See Cabral v. U.S. Dep't of Just.*, 587 F.3d 13, 22 (1st Cir. 2009). *Touhy* requirements apply where a defendant is seeking testimony from an agent of the Federal Bureau of Investigation. *See, e.g.*, 28 C.F.R. § 16.23(c) ("If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."). These requirements also apply in criminal cases:

> The Department of Justice has a legitimate interest in regulating access to government information contained in its files or obtained by its employees during the scope of their official duties. Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired. The question of whether these procedures deny the defendants their Sixth Amendment right to call and cross-examine witnesses is not reached until the defendants follow the procedures and then have their demands denied.

*United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981).

The Commodity Futures Trading Commission ("CFTC") also has *Touhy* regulations. Requests for testimony of current and former CFTC staff require, for example, that requests be made "with particularity" as to the testimony sought, and further require that the Commission first authorize such testimony. *See* 17 C.F.R. § 144.3(a), (b). *Touhy* requirements apply to testimony of CFTC and other federal agency employees in federal criminal trials. *E.g.*, *United States v. Timms*, 844 F. App'x 658, 659-60 (4th Cir. 2021).

Even where procedural *Touhy* requirements are met, the defendant may not subpoena an agency employee if their testimony would be irrelevant. For instance, testimony about the administrative investigation is irrelevant at a criminal trial. *United States v. Vander Luitgaren*, No. 2008 WL 2610465, at *1 (M.D. Fla. June 30, 2008) ("The Court holds that the testimony sought by [the defendant] from [the agency] lacks relevance. Whether or not [the agency] closed the case file or continued an investigation is not relevant at this [criminal] trial."). Additionally, preliminary opinions by agency staff are inadmissible under Federal Rule of Evidence 403 due to the risk of jury confusion. *E.g., United States v. Klein*, 2017 WL 782326 at *5 (E.D.N.Y. Feb. 28, 2017) (quashing a subpoena for an SEC staff memorandum preceding the SEC's decision not to sue, because it would ask the jury to compare the SEC's decision not to file civil charges with DOJ's decision to file criminal charges); *SEC v. Buntrock*, 2004 WL 1470278, at *3–4 (N.D. Ill.

June 29, 2004) (holding improper defendant's attempt to discover "the mental impressions, conclusions and legal theories of the SEC's attorneys involved in the litigation").

In this case, out of an abundance of caution, the government reminded counsel for the defendant of the need to comply with *Touhy* regulations in an email on June 30, 2022. Under these circumstances, it is proper for the Court to enforce the applicable *Touhy* regulations. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007); *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir.1994); *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir.1981).

        Respectfully submitted,

        RACHAEL S. ROLLINS
        United States Attorney

By:    */s/ Christopher J. Markham*
        CHRISTOPHER J. MARKHAM
        Assistant United States Attorney

        */s/ Siji Moore*
        SIJI MOORE
        Trial Attorney

CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  July 12, 2022        By:    */s/ Christopher J. Markham*
                                        CHRISTOPHER J. MARKHAM
                                        Assistant United States Attorney

                                        */s/ Siji Moore*
                                        SIJI MOORE
                                        Trial Attorney