UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL TRIAL BRIEF REGARDING TOUHY REGULATIONS
_____

Defendant Randall Crater, by and through undersigned counsel, hereby submits this Response to the government's supplemental trial brief (Dkt. # 165) regarding Touhy regulations.

Ironically, the regulations actually considered by the Supreme Court in *Touhy* conceded that, in the final analysis, the decision rested with the court. "Supplement No. 2 to Department of Justice Order 3229, dated June 6, 1947, provided:

> It is not necessary to bring the required documents into the court room and on the witness stand when it is the intention of the officer or employee to comply with the subpoena by submitting the regulation of the Department (Order No. 3229) and explaining that he is not permitted to show the files. If questioned, the officer or employee should state that the material is at hand and *can be submitted to the court for determination as to its materiality to the case and whether in the best public interests the information should be disclosed.*

Such a procedure was calculated to secure to a defendant his compulsory process rights. The subpoenaed evidence would be submitted to the court in camera. If the court determined that the evidence was irrelevant, or that a valid assertion of

executive privilege was made, it would exclude the evidence. But that determination was made by the judge. *Compare* 28 C.F.R. §16.26. Section 16.26 proceeds from the premise that the enforcement decision is taken away from the district court, and that the decision of executive bureaucracy is final.

Inexplicably, some Courts have bought into this notion hook, line and sinker. In *United States v. Marino,* 658 F.2d 1120, 1125 (6th Cir. 1981)(the question of whether these procedures deny the defendant their Sixth Amendment right to call and cross-examine witnesses is not reached until the defendants follow the procedures and then have their demands denied).[1] However, contrary to the Sixth Circuit, the Ninth Circuit has correctly concluded that "It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." *See United States v. Bahamonde*, 445 F.3d 1225, 1229 (9th Cir. 2006) *citing Wardius v. Oregon*, 412 U.S. 470 (1973); s*ee also* Fed. R. Crim. P, (requiring statements of expected testimony only with regard to expert witnesses).

In essence, the Department of Justice and the CFTC is saying, in effect, because you have not told us what you want to ask and why you think it matters, we will instruct the witness to ignore your subpoena. This is Alice-through-the-looking-glass jurisprudence. Moreover, standing legal analysis on its head, some courts have

---

[1] *Cabral v. U.S. Dep't of Just.,* 587 F.3d 13 (1st Cir. 2009) is distinguishable because it was a civil case unlike this criminal case.

erroneously taken the position that it is only by complying with the conditions that a defendant can preserve his entitlement to a judicial determination of the constitutionality of the regulations. *Marino, supra* at 1125.

If defendant complies with these procedures, as the government requests, he will waive, rather than perfect, his constitutional objections to these procedures. Indeed, if defendant complies with the regulations in this case and then the DOJ refuses to honor the subpoenas anyway, Mr. Crater will have waived his objections on Sixth Amendment grounds, and he will be relegated to objecting on the ground of noncompliance with the regulations themselves. However, by refusing to comply with the regulations, as Mr. Crater is asserting in this case, he will be preserving his Sixth Amendment right to compulsory process claim that these *Touhy* regulations constitute an unlawful burden upon his Sixth Amendment rights – a claim that neither the *Touhy* Court nor any other Court, to my knowledge has reached to date

WHEREFORE, defendant respectfully requests this Honorable Court to Order the government witnesses subpoenaed by the defense to comply with the subpoenas, or, in the alternative dismiss all charges against Mr. Crater for the government's interference with his Sixth Amendment rights to present a defense.

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys,

  /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
617-439-3987 (fax)

Dated: July 13, 2022

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Randall Crater hereby certifies that he conferred with AUSA Christopher J. Markham on July 13, 2022, in a good faith attempt to resolve or narrow the issue raised in this motion and the government assents to this motion.

  /s/ Scott P. Lopez
Scott P. Lopez

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 13, 2022.

  /s/  Scott P. Lopez
Scott P. Lopez