# LITIGATION AND COMPLIANCE ASSOCIATES LLC

Steven N. Fuller, Esq.
Managing Member
Steven.Fuller@LitCom1.com
Mobile: 617-620-4732
Office:  561-335-3696

REPLY TO:
West Palm Beach

January 30, 2023

Honorable Denise J. CASPER
United States District Court Judge
John Joseph Moakley, U.S.
 Courthouse
1 Courthouse Way
Suite 2300
Boston, Ma. 02210

Re: United States v. Randall Crater
    Docket No.

Dear Judge Casper:

    I write on behalf of my former client, Randall Crater. Randall is scheduled to be sentenced by you tomorrow afternoon. The purpose of this letter is to ask that the Court consider a substantial downward departure from the Federal Sentencing Guidelines. Any incarceration of Randall will have a direct and life-long effect on his wife and three children. Randall is the father of three teenage children. His wife has always been a homemaker. Like Randall, she was raised in poverty. Neither she nor Randall are educated. Randall and his wife know two things; love, listen, and do for each other and their children more than they ever knew was possible when they were children; and work hard to earn money to take care of the kids and one another. Without Randall being around, his wife and kids will have no support system and no meaningful means of financial support. The lives of three young children will be torn apart if Randall is sentenced to prolonged incarceration.

    If incarceration is necessary punishment for the crimes he was convicted of, the length of such incarceration should be no longer than necessary to deter future wrongdoing. Knowing the facts of Randall's involvement in this case, it is my belief that there are others whose conduct is far more culpable yet neither civil regulatory nor criminal authorities have chosen to pursue those individuals. When I was brought into the civil case, Randall had produced thousands of documents to the CFTC during its investigation, yet other

individuals that controlled MyBigCoin, had permitted their computers and other evidence to be destroyed or "lost". Likewise, they spent endless hours avoiding service of process. Randall, however, hired counsel to organize, number stamp and produce thousands of documents. Ultimately, his willingness to comply with the subpoenas and other process seems to have led the Government to believe that he was mastermind of some extensive fraud.

I know that a jury has spoken and convicted him of certain crimes. This letter is not intended to challenge that conviction. Rather, I note that neither the alleged facts of this case, nor the evidence upon which Randall was convicted, seem to suggest violent conduct in commission of a crime, or crimes resulting from organized crime rackets. Mr. Crater stands convicted of essentially fraud, and losses, while large, are concentrated in one victim whose own conduct in promoting MYBIGCOIN, in my opinion, is suspect. Nonetheless, any punishment of Randall I believe would be more effective and a better use of government resources, if it emphasized restitution over confinement. Rather than leaving the Randall's wife and kids to survive on government welfare, while Randall sits in jail at a great expense to taxpayers, of limited incarceration, perhaps a year and day, followed by home confinement and a bracelet where he could work and earn money even with restricted mobility, would be sufficient punishment for his crimes, when coupled with restitution.

I recognize that such a substantial departure from the Guidelines would be extraordinary, but the facts of this case and its prosecution (an absence of prosecution), are equally as extraordinary. Having appeared before you in the past, including having represented parties you were sentencing, I know you will give thoughtful attention to this letter and impose a sentence that you feel is necessary and proper. I thank you for considering this letter.

Respectfully yours,

Steven N. Fuller, Esq.
Ma. Bar 550224
NH Bar. 4813