UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|    ) | |
|            v.    ) | Criminal No. 19-CR-10063 |
|    ) | |
| RANDALL CRATER,    ) | |
|            Defendant.    ) | |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**CASPER, D.J.**

WHEREAS, on January 18, 2022, a federal grand jury sitting in the District of Massachusetts returned an eight-count Superseding Indictment charging defendant Randall Crater (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One-Four), and Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Counts Five-Seven), and Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. §§ 1960(a) and (b)(1)(B) (Count Eight);

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Eight of the Indictment, of any property, real or personal, that consititues, or is derived from, proceeds traceable to the commission of the offense;

WHEREAS, the Superseding Indictment also included a money laundering forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Eight of the Indictment, of any property, real or personal, involved in such offense(s), and any property traceable to such property;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on July 21, 2022, after an eight-day jury trial, a jury found, the Defendant, guilty to Counts One through Eight of the Superseding Indictment;

WHEREAS, based on the jury's verdict as to Randall Crater on July 21, 2022, and the evidence presented at trial, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $7,668,317.50 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $7,668,317.50 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1343 (Counts One-Four), and 18 U.S.C. § 1957 (Counts Five-Seven), and 18 U.S.C. §§ 1960(a) and (b)(1)(B) (Count Eight);

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $7,668,317.50,

pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461 and 18 U.S.C. § 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Denise J. Casper
**DENISE J. CASPER**
United States District Judge

Dated: February 6, 2023