UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 19-cr-10063-DJC |
| | ) | **LEAVE TO FILE GRANTED** |
| RANDALL CRATER, | ) | **ON MARCH 15, 2023** |
| Defendant | ) | |

**DEFENDANT RANDALL CRATER'S REPLY TO GOVERNMENT'S OPPOSITION TO HIS EMERGENCY MOTION FOR RELEASE PENDING HIS APPEAL**

Defendant Randall Crater, by and through undersigned counsel, respectfully submits this brief Reply to respond to some of the arguments made in the government's opposition that were not reasonably foreseeable when defendant's Emergency Motion for Release Pending Appeal was filed. Defendant also notes that his report date is Friday, March 17, 2023.

First, the government argues that the defendant failed to identify any error by the Court even though the government notes that defendant argues that the Court violated his Sixth Amendment right to compulsory process by requiring Mr. Crater to comply with the so-called *Touhy* regulations. That the Court violated Mr. Crater's Sixth Amendment right to compulsory process is the error.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have compulsory process for obtaining witnesses in his favor…" U.S. Constitution, Amendment VI. "From the earliest days of the Republic it was generally understood that no one, however lofty his station, was

exempt from the reach of the compulsory process rights of even the lowliest defendant." *See* Milton Hirsch, *"The Voice of Adjuration": The Sixth Amendment Right to Compulsory Process Fifty Years After United States ex rel. Touhy v. Ragen, Florida State University Las Review*, 30 Fla. St. U. L. Rev. (2002) https://ir.law.fsu.edu/lr/vol30/iss1/5. The principle that no man is above the compulsory process of the law was burned into our early jurisprudence by none other than Aaron Burr, former Vice President of the United States, when he was tried for treason. Burr made an application to the Court because he believed that President Thomas Jefferson was in possession of a letter that contained exculpatory information. That President Jefferson was subject to compulsory process was largely conceded. Indeed, the question that Chief Justice Marshall pondered over was the viability of the *duces tecum* portion of the subpoena. Ultimately, Chief Justice Marshall rule that the right to compulsory process made no exception for presidents. *Id.* at 88.

"Constitutional analysis must begin with 'the language of the instrument' *Gibbons v. Ogden*, 9 Wheat 1, 186-189 (1824), which offers a 'fixed standard' for ascertaining what our founding document means, 1 J. Story, *Commentaries on the Constitution of the United States* § 399, p. 383 (1833)." *See Dobbs v. Jackson Women's Health Organization, et al.*, 142 S.Ct. 2228, 2244-2245 (2022). The Compulsory Process Clause in the Sixth Amendment is one of the fundamental substantive due process rights. The text contains no exception to the compulsory nature of the rule.

Since the Compulsory Process Clause makes no exceptions those who claim that it does, as the government does here, must show that the exception is "deeply rooted in [our] history and tradition" and that it is essential to our Nation's "scheme of ordered liberty." *Id.* at 2246.  Clearly, applying the *Touhy* process to criminal proceedings is neither deeply rooted in our history nor essential to our Nation's scheme of ordered liberty.  Rather, it eviscerates a fundamental constitutional right and thereby undermines our Nation's scheme of ordered liberty.

The government further argues that even assuming error, the defendant has failed to identify any prejudice.  Simply stated, the prejudice is that Mr. Crater was not only deprived of his right to compulsory process; the Court's decision to apply the *Touhy* process also deprived Mr. Crater of his Fifth Amendment right to due process. Few rights are more fundamental than that of an accused to present witnesses in his own defense, see e.g., *Chambers v. Mississippi*, 410 U.S. 284, 802 (1973); *Washington v. Texas*, 388 U.S. 14, 19 (1967).

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Id.*

"Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence*, see Powell v. Alabama*, 287 U.S. 45 (1932) and no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark*, 478 U.S. 570, 578 (1986).

3

"Harmless-error analysis thus presupposes a trial, at which the defendant, represented by counsel, may present evidence and argument before an impartial judge and jury." *Id.* Since the Court's decision deprived Mr. Crater of these basic protections, the government's argument that the error was harmless has no merit.

Finally, the government argues that, in any event, the Court ruled that the evidence was not relevant. However, the Court only requested an offer of proof on one of the three witnesses subpoenaed. The Court did not request an offer of proof on Special Agent David Cirilli or United States Postal Agent Jan Kostka's proposed testimony. Thus, at a minimum, the government's relevance argument as to SA Cirilli and PA Kostka is misplaced. Moreover, PA Kostka was originally listed as a government witness, *see* Dkt. # 141-2 and SA Cirilli testified before the grand jury that indicted Mr. Crater. So, clearly, the government believed they had some relevant evidence to add to the case.

Finally, SA Cirilli and PA Kostka were the lead case agents on the case. Both were deeply involved in the investigation and prosecution of the case against Mr. Crater, and both were present in the courtroom during Mr. Crater's trial. Thus, it is disingenuous to argue that they did not have any relevant evidence. In any event, it is Mr. Crater's position that he does not have to inform the government as to the relevance of either agent's testimony or its materiality or favorability to the defense in advance of calling them as witnesses for the defense. Indeed, if the Court believed their testimony was irrelevant, immaterial, or not favorable to the defense, the Court

could have inquired *in camera* before summarily violating Mr. Crater's Fifth and Sixth Amendment rights by applying the *Touhy* process to his criminal trial.

Because Mr. Crater has satisfied the three criteria for his release, Mr. Crater respectfully requests that this Honorable Court order his release during the pendency of his appeal pursuant to 18 U.S.C. § 3143(b).

Respectfully submitted,
For the Defendant,
Randall Crater
By his attorneys:

 /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
splopez@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
617-439-3987 (fax)

<u>Dated</u>: March 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 15, 2023.

 /s/ Scott P. Lopez
Scott P. Lopez

5