IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-10063-DJC |
| | ) | |
| RANDALL CRATER, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION (DKT. 269)**

The defendant, once-again, seeks to avoid serving the sentence imposed by the Court during the pendency of his appeal.  In doing so, the defendant asks the Court to reconsider its prior denial (Dkt. 268).  The Court should deny the defendant's motion.

"[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule."  *United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014) (internal citation omitted).  However, courts in criminal cases typically address motions for reconsideration by applying the legal standard under Federal Rule of Civil Procedure 59(e).  *See, e.g., United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).  Under that standard, a district court will alter its judgment only in "narrow situations," such as where the defendant identifies "a manifest error of law" or "newly discovered evidence."  *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).

Here, the defendant fails to identify any "error of law."  Instead, the defendant rehashes the legal arguments from his prior motion, which this Court already rejected.  *Nat'l Metal Finishing Co. v. BarclaysAmerican/Com., Inc.,* 899 F.2d 119, 123 (1st Cir.1990) (motions for

reconsideration should not be used "to repeat old arguments previously considered and rejected"). Additionally, the defendant identifies no "newly discovered evidence." Instead, the defendant's motion provides a selective description of years-old grand jury testimony from an FBI agent, which is not "newly discovered." *Allen*, 573 F.3d at 53 ("A court will deny a motion for reconsideration based on the 'new evidence' exception if that evidence 'in the exercise of due diligence[ ] could have been presented earlier.'"). Moreover, that testimony, despite the defendant's attempt at a defense-friendly reading, is still *inculpatory* as to the defendant, and in any event, would have been largely (if not entirely) inadmissible at trial on various grounds (*e.g.*, hearsay, lack of personal knowledge, and/or authentication). Lastly, but perhaps most importantly at this stage in the case, the defendant never proffered this testimony to the Court *before trial*, or even *during trial*, as a basis for the Court to require testimony from the agent. Providing this proffer for the first time now, post-trial and on a motion for reconsideration, is itself a basis for denial. *Nat'l Metal Finishing Co.,* 899 F.2d at 123.

For the reasons set forth above, the Court should deny the defendant's motion.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:    */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  March 28, 2023

By:     */s/ Christopher J. Markham*
   CHRISTOPHER J. MARKHAM
   Assistant United States Attorney